Morphy, J.
delivered the opinion of the court.
The late Hanis Jacobs left two minor children and a daughter of full age, married to one B. Hart; his widow, Angelique Yerneuille, qualified as natural tutrix of the two minors, and began to administer on the estate. She caused inventories to be made, and with the advice and consent of a family meeting, obtained an order for the sale of the property left by the deceased. This order was granted on a suggestiqn that the estate was burdened [1071 *68 with numerous debts; among which there were several judgments, and that there were no available means to pay said debts or any portion thereof. After the sales were made at auction, the tutrix having given no security to administer on the estate, the recorder of mortgages refused to raise the mortgages existing on the property sold. The tutrix then applied for relief to the court of probates, and filed a provisional tableau or account, showing the general charges against the estate, and the privileges and mortgages; no part of the proceeds of the sales had then been received, because the purchasers refused to pay unless a clear title could be made to them; her object was to obtain the homologation of this account and with it a decree raising all the mortgages on the property sold.
Three oppositions were successively filed by Tricou, as president of the company of architects, by Staes, and by B. Hart. After objecting to divers expenses and charges, two of the opposing creditors, Tricou and Stalls, contended that the whole account should be rejected as informal and leading to no result whatever, because there was nothing to be distributed, no sales having been passed and no notes or money received. They denied, jporeover, that the tutrix had any right to administer on the estate, which had been accepted with benefit of inventory, because she had received no appointment from the court to that effect, and had given no security whatever. They prayed to be themselves appointed administrators upon their complying with the requisites of the law. The judge below decreed that the tutrix should be allowed ten days to give security agreeably to art. 1041, of the La. Code, and in default of her furnishing such security, that the said Tricou and Staes should be appointed administrators of the estate. The tutrix appealed.
As to the several items objected to in the provisional account filed by the tutrix, the testimony, we think, justifies the decision made on them by the [108] judge below; we shall therefore pass on to the consideration of the principal question in this case; it is whether this tutrix has the right which she claims of administering without being bound to give security; as all other administrators. In support of this pretension, her counsel has referred us to the opinion expressed in Erwin v. Orillon, 6 La. Bep. 213. In that case the only point at issue was whether in suits brought by the heirs of age, and the tutors of the minor heirs, an exception can be taken to their capacity to sue, on the ground that the estate having been accepted with benefit of inventory, an administrator should have been appointed. We have more than once had occasion to remark that the reasoning of courts of justice in pronouncing on the controversies which come before them, should always be considered and understood in reference to the point submitted for their decision, and should not be extended to cases presenting questions quite different. In the opinion alluded to, no positive or absolute right to administer the whole estate was recognized in the tutor of the minor heirs, as the appellant’s counsel seems to imagine ; it was said (no doubt in relation to estates perfectly solvent) that where heirs of age are united with co-heirs, who are minors, and consequently under the protection of a tutoi-, the most reasonable and beneficial course was to leave a succession thus situated to the administration of the tutor until partition; where such a course is adopted, third persons, *69 not being creditors, have no right to object to it. This is a controversy between the tutrix and the creditors of the estate, who disputed her right to administer. Upon an attentive perusal of those articles of the Louisiana Oode which treat of the appointment of administrators to estates accepted with benefit of inventory, we can see no ground whatever on which to rest the claim made for the tutrix in this case. La. Code, articles from 1034 to 1041. In regulating the manner of appointing administrators in such cases the Code provides that the judge must give the preference to the beneficiary heirs of age, if there be any in the State, over every other person, but that if all the beneficiary heirs are minors, this preference can be claimed by [109] their tutors, under the charge of being personally liable for their acts of administration and giving security, even though these tutors should be the father or mother of the minors. The articles 827 and following which are supposed to conflict with those above quoted, provide for the administration only of the separate and exclusive property of minors, in which no other persons but them have an interest, but when, as in this case, a succession burdened with debts is to be settled, which may or may not leave a balance to be distributed among the beneficiary heirs, we are totally at a loss to conceive why a right to administer, and still less, an exemption from the obligation to give security, should exist in favor of the natural tutrix of some of the minor heirs! A succession thus situated must be administered as an entire thing for the advantage of the creditors, as well as of the beneficiary heirs entitled to the residue left after the payment of the debts; hence the law requires in all such cases the appointment of an administrator and provides that good security must be given.
But it is further contended, that if the tutrix is bound to give security, it can be exacted only for the amount of the claims of those creditors who require it, and we are referred to the Act of the 25th March, 1828, p. 156, sect. 15. On examination, we are of opinion, that this law has no bearing on the subject before us. It relates to the security which might be required of the heirs themselves when they demand and obtain possession of the effects of a succession, after it has been administered upon, and when there are pending claims against such succession; but in cases like the present the amount of the security to be given is fixed by article 1041 in terms too explicit to be disregarded. As to the trouble, expense and difficulties which the appellant’s counsel apprehends would be the result of the appointment of another administrator, in ease the tutrix cannot give the security required of her, we are not aware that such considerations should prevent us from declaring in any case what the law is on a submitted question; such consequences, [110] if they were necessarily to follow, would at all events be attributable to the unadvised course that has been pursued. But such fears need not, we think, be entertained; all that has hitherto been done, was so done by order and under the sanction of the court. A new administrator would take the succession in its actual state and proceed to its settlement. Such we believe to be the law of this and every civilized country; the contrary doctrine would be destructive of the good order of society and of the faith due to judicial *70 proceedings. Sterlin's Executor v. Gros, 5 La. Rep. 100; 3 Duranton, p. 471, No. 479.
As to that portion of the judgment appointing Tricon & Staes as administrators, we find nothing in the record to justify such appointment. Trioou does not appear to be a creditor of the estate; he made opposition in the name and.on behalf of the Company of Architects, to whom the deceased was indebted, and Staés has offered no evidence whatever of any claim on the estate.
It is therefore ordered that the judgment of the court of probates be affirmed, except so far as relates to the appointment of Tricou & Staes; which is hereby annulled; and it is further ordered that this case be remanded for further proceedings; the appellees to pay the costs of this appeal.