Tildon v. Dees, Tutrix.

STEPHEN TILDON v. CHARLOTTE DEES, Tutrix.

No order of seizure and sale can be issued against a party, on an act purporting to be signed by an attorney in fact, where no power of attorney was exhibited, nor any authentic evidence of the subsequent ratification of the act was produced, at the time of applying for such order. An order illegally granted under such circumstances, will be rescinded, though on the trial of a motion to dissolve an injunction obtained against such order, facts should be established, by oral evidence, amounting to a ratification by the principal of the act of the attorney.

The tutrix of the minor heirs, cannot administer a succession by virtue of her office as tutrix; she must be appointed administratrix, and give the security required by law. Payment to her of a debt due to the succession, would not protect the party making it, against the claim of the heirs of age, nor of the administrator, should one be afterwards appointed.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

MORPHY, J. Charlotte Dees, the defendant, sued out an order of seizure and sale against Stephen Tildon, to recover $3,130, being the price of a tract of land adjudicated to him at the probate sale of the estate of the late James Dees. She styles herself the mother and natural tutrix of Martha Ann Dees, the minor child of James Dees, and, as such, administratrix of said decedent's estate. She states that the price claimed was payable in three equal instalments, falling due on the first of April of the years 1839, 1840, and 1841, and prays that the sale be made to meet these several instalments, acknowledging at the same time to have received from Stephen Tildon a sum of $958 39, on account of the first instalment. The proceedings were enjoined by the plaintiff on a

variety of grounds, some of which will be noticed hereafter. The defendant filed a written motion, praying that the injunction might be dissolved, and that damages be awarded, under the statute of 1831, against the plaintiff and his surety in the injunction bond; but, should her order of seizure and sale be set aside, that judgment be rendered against the plaintiff for the sums of money claimed in her petition. The judge below dissolved the injunction, and the plaintiff appealed.

The first ground set forth in the plaintiff's petition for an injunction, and which alone it is perhaps sufficient to consider in relation to the alleged illegality of the executory proceedings instituted by the defendant, is, that the act upon which the order of seizure and sale was issued, is not an authentic act importing a confession of judgment, in as much as it was not executed by the plaintiff in person, nor by any one authorized by authentic act to sign his name to the same, and was executed while plaintiff was out of the state of Louisiana.

The *procès-verbal* of adjudication purports to be signed by one J. S. Guay, as the attorney in fact of Stephen Tildon, and no power of attorney was exhibited either to the probate judge who made the sale, or to the district judge who issued the order of seizure now enjoined. It is said that the plaintiff has ratified the purchase made in his name by J. S. Guay, by taking and keeping possession of the land, and by making partial payments on the price. These acts may, and we believe do amount in law to such a ratification as makes the adjudication binding on him, but these were matters *in païs*, proved on the trial of this case by oral evidence. The judge below when the order of seizure and sale was asked, had not, nor could have had before him any authentic evidence of such ratification, and in our opinion, he improvidently granted the order. Code of Prac. art. 732. Civ. Code art. 3361.

The defendant, Charlotte Dees, or rather her counsel, seems to have considered that her capacity of tutrix of one of the minor heirs of the late James Dees, entitled her to the administration of the whole estate, and gave her the right of suing for the debts due to it without the concurrence of the heirs of age. This idea is clearly erroneous, and the very case of *Erwin* v. *Orillon*, in 6 La. p. 213, to which he has referred us, establishes the contrary doc-

trine, if any authority was needed on such a point. In that case, the heirs of age had joined in the suit brought by the tutrix of the minor heirs, and an exception was taken to their capacity to sue in that form. It was contended that as the estate had been accepted with benefit of inventory, an administrator should have been appointed, and that he alone could legally administer on the estate, and collect the debts. The exception was overruled, but the court far from countenancing in any degree the pretension set up in this case, says, ' that in as much as the heirs of age are not represented by the tutor in the event of suits to recover debts due to the succession, they should concur in the prosecution of such suit, as has been done in the present case.' The other cases relied on by the counsel, are not more favorable to him. In one of them, reported in 17 La. 104, we held that a tutrix could not administer a succession by virtue of her office of tutrix of the minor heirs, without, being appointed administratrix, and giving the security required by law. A payment to the defendant of the whole amount due to the succession of James Dees, would clearly not protect the purchaser against the claims of the heirs of age not represented by her, or of an administrator, should one be hereafter appointed to the estate, which is said by one of the witnesses to be much in debt.

We might perhaps have proceeded to examine the case on its merits, under the prayer of the defendant for a judgment in the *via ordinaria*, so far as the minor, Ann Martha Dees, is concerned, for Charlotte Dees claims nothing in her own right; but the record, from the contradictory statements we find in it in relation to the number of heirs left by the deceased who are yet living, does not enable us to determine the portion of the claim to which the minor would be entitled as one of the heirs.

It is therefore ordered that the judgment of the District Court be reversed, and that the injunction sued out in this case be made perpetual; the defendant paying the costs in both courts.

*Muse*, for the appellant.

*Lyons*, for the defendant.