WILLIAM E. HALL and others *v.* SUSAN ELIZABETH PARKS and another.

Where a mother, the tutrix of her children, marries without having applied to the judge to have a family meeting called to decide whether she shall be considered as tutrix, she will, *ipso facto*, without any sentence of a court, be deprived of the tutor-ship ; and she cannot afterwards enforce, or receive payment of debts due to the minors. C. C. 272, 2140.

Where a succession has been opened here, a guardian of the minor heirs, appointed in another State, cannot take out execution on a judgment for a debt due to the success-sion. As a succession can only be accepted for minors with the benefit of inventory, (C. C. 346,) an administrator must be appointed ; and he alone can sue for, or receive debts due to it.

The tutor of the minor heirs cannot administer the succession by virtue of his office as tutor ; he must be appointed administrator, and give the security required by law.

APPEAL from the District Court of Carroll, *Curry*, J.

SIMON, J. The facts of this case are these : It appears that in July, 1840, a judgment was obtained against the petitioner Hall, in a suit instituted against him and others in the name of John M. Tompkins ; that, subsequent to the institution of said suit, Tompkins died, leaving certain minor children under the natural tutorship of his widow, who became a party to the suit before judgment, and in whose favor, in her said capacity, the aforesaid judgment was rendered. Subsequently, an execution having issued on the said judgment against Hall, the same was levied upon his property, which was sold by the sheriff at twelve

months' credit, and adjudicated to said Hall, who furnished his twelve-months' bond, with Atchison and Preston as his securities. This bond is dated 18th of June, 1841, and was given for the whole amount of the claim. After the maturity of said bond, an execution was issued against the plaintiffs in this suit, and certain property belonging to one of them was seized and offered for sale for the payment thereof, which execution was stayed by an injunction obtained in the present suit, on various grounds, in substance as follows:

*First*, That Susan E. Tompkins was appointed natural tutrix of her children in December, 1838, and in that capacity took possession of the property of her deceased husband; but that afterwards, having intermarried with George N. Parks, without the consent and recommendation of a family meeting, and removed into the State of Mississippi with her children, and with most of the said property, she was deprived, *ipso facto*, of her natural tutorship, and has now no right to receive and collect debts due to the estate of her first husband.

*Second.* That the judgment rendered against the plaintiff Hall, was for his portion of a joint note given by him and others to Tompkins, for part of the price of a tract of land; that said Tompkins bound himself, in a bond, for $18,000, to the purchasers, (ten in number,) to make them a title to the said land before the first of January, 1840, which he has failed to make, and that thereby he became indebted to the plaintiff Hall, and the other purchasers, in the amount of the bond, one-tenth of which the plaintiff Hall pleads in compensation.

The injunction was granted and issued in July, 1842, and in November following, George N. Parks, the second husband of the minor's mother, as guardian of the said minors, appointed as such in the State of Mississippi, filed a written motion to dissolve the injunction, with interest and damages, on divers grounds, some of which it will be, perhaps, unnecessary to notice; when, after a full investigation of the several points raised by the parties respectively in support of their pretensions, the judge *a quo* rendered judgment dissolving the injunction, and condemning the plaintiffs to pay five per cent interest, and ten per cent damages on the amount enjoined, and also $50 special

damages; and from this judgment the plaintiffs in injunction have appealed.

From the pleadings in this cause, our attention is first called to the first ground upon which the injunction was obtained, and with regard to this, it is contended by the appellees' counsel, that the natural tutorship of Susan E. Tompkins was not so absolutely forfeited by her second marriage, as to disable her from acting in the name, and for the benefit of the minors, in the collection of the debts due to their father's estate ; that such forfeiture has never been, and must be pronounced by a court of competent jurisdiction; and that, at all events, every thing on this point is made right by the appointment of George N. Parks as guardian of the minors.

By art. 272 of the Civil Code, it is enacted that the tutrix shall be deprived of her tutorship, *ipso facto,* if she marries without having provoked a family meeting to retain her in the tutorship.   This Susan E. Tompkins is not shown to have ever done ; and it is clear that by her neglect to comply with this requisite of our law, she lost the tutorship of her children, and became, by the fact alone of her second marriage, disabled from acting for them as their tutor ; she had therefore no authority, as tutrix, to receive the payment of the twelve-months' bond, nor any capacity to enforce its collection.   10 La. 459.   Civil Code, art. 2140.

It is true, however, that the motion to dissolve the injunction was made by George N. Parks, who was appointed guardian of the minors in the State of Mississippi, in October, 1842 ; that the estate of the minors is perhaps legally under his administration, as tutor ; and that he is, under his appointment, the proper person to represent the minors in the affairs in which they are concerned ; but the debt, to collect which an execution was issued against the plaintiffs on their twelve-month's bond, belongs to the succession of the deceased Tompkins, which was open in this State, and which could not be accepted for his minor children, but with the benefit of an inventory.   Civil Code, art. 346.   The minors, therefore, being considered as beneficiary heirs, have never acquired that absolute interest in the property of the estate, which would place said property under the exclu-

sive control and administration of their tutor, as all that they could be entitled to, after the settlement of the estate, would be the surplus that might remain, after satisfying the debts of the succession; and we have repeatedly held that the tutrix of minor heirs cannot administer a succession by virtue of her office as tutrix, but must be appointed administratrix, and give the security required by law. 17 La. 104. In the case of *Tildon* v. *Dees*, (1 Rob., 407,) we said that a payment to her of a debt due to the succession, would not protect the debtor against the claim of the administrator, should one be afterwards appointed. And this doctrine was again fully developed in the case of *Self* v. *Morris*, lately decided.

We must conclude, therefore, that the defendants had no authority to issue the execution complained of by the plaintiffs; that neither of the defendants had any capacity to receive the funds proceeding from the twelve-months' bond; and that the injunction sued out should have been perpetuated, as against the defendants.

This view of the principal question which this case presents, precludes the necessity of examining the other points raised on the face of the pleadings.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that the injunction sued out in this case be perpetuated, as against the defendants in their capacity of tutor and tutrix, the costs in both courts to be borne by said defendants and appellees.

*Stacy* and *Sparrow*, for the appellants.

*Selby*, for the defendants.