JOHN W. DODD *v.* ROBERT A. CRAIN and another.

Where an act by which a mortgage is retained is passed in the office of a Parish Judge, acting *ex officio* as a notary public, in relation to property within his parish, no further registry is necessary to give such mortgage effect against third persons. So of the *procès-verbal* of sale made by a Parish Judge while acting *ex officio* as an auctioneer. A Parish Judge, who acts as a notary, and as Judge of Probates, is not expected to keep a separate office in each capacity.

The clause *de non alienando* in an act of mortgage, relieves the mortgagee from the necessity of pursuing all the steps required in an hypothecary action in ordinary cases.

On an appeal from an order of seizure and sale, the only question is, whether the Judge had sufficient evidence before him to authorize his *fiat*. Such an order cannot be set aside on account of subsequent irregularities in the execution of it, as not notifying the proper parties, &c. Redress must be sought by other proceedings.

APPEAL from the District Court of Rapides, *King*, J.

*Brent*, and *O. N. Ogden*, for the plaintiff.

*Flint*, and *Thomas*, for the appellant, as to the want of registry of the act on which the order of seizure and sale was issued, re-

ferred to *Sinnott* v. *Michel*, 7 Mart. N. S. 578. *Brou* v. *Kohn*, 12 La. 104. Civil Code, art. 3362. On the second point they cited *Nathan* v. *Lee*, 2 Mart. N. S. 32. *Donaldson* v. *Maurin*, 1 La. 29. *Nicolet's executors* v. *Moreau et al.*, 13 La. 314. *Lawrence* v. *Burthe*, 15 La. 267. *Carter* v. *Caldwell*, Ib. 474.

MORPHY, J. This is an appeal from an order of seizure and sale, issued upon a deed of mortgage of certain lands and slaves in the Parish of Rapides, which Lawrence P. Crain, to secure a debt due by Robert A. Crain, mortgaged to J. M. Solibellas, under the pact *de non alienando*, and which the latter transferred to the plaintiff. L. P. Crain subsequently sold the property mortgaged, to the present appellant, L. Luckett.

The case is submitted on the following assignment of errors, to wit :—

*First.* That there is no evidence in the record, that the mortgage upon which the order of seizure and sale was issued, was recorded in the office of the Parish Judge of Rapides, before the date of the conveyance from Crain to Luckett, to wit, the 30th of January, 1843.

*Second.* That even if the mortgage does affect the property in the hands of the appellant, the order of seizure and sale should be set aside, because the formalities required by law in executory proceedings have not been complied with; and, that the plaintiff could enforce his mortgage, if at all, only in two ways, either by treating the conveyance as a nullity, and proceeding against the mortgagor himself, L. P. Crain, or by proceeding against the third possessor as such, and in the manner pointed out by law.

I. The act of mortgage of L. P. Crain to the plaintiff's assignor, bears date the 15th of February, 1841, and was executed before George Richard Waters, the Judge of the Parish of Rapides acting *ex officio* as Notary Public. The copy of this act, which is annexed to the petition and made a part of it, is certified by the Judge to be a true copy of the original on file and of record in his office. This certificate bears date the 2d day of August, 1843. It is said, that the Parish Judge's certificate does not show the date of the registry ; that it simply proves that the act was recorded, and that the court cannot presume that the recording was made at an earlier date than that of the certificate. We have re-

peatedly held, that when an act, in which a mortgage is retained, is passed in the office of a Parish Judge, acting *ex officio* as Notary Public, in relation to property situated in his parish, no further registry is necessary to give such mortgage effect against third parties. This has been held, even in relation to a *procès-verbal* of sale of an auctioneer, who exercised the function *ex officio* as being Parish Judge. The Parish Judge who acts as notary, or Judge of Probates, is not expected to keep distinct offices in these several capacities. 6 Mart. N. S. 118; 2 La. 575; 7 La. 468. We will, therefore, consider the act of mortgage in this case, as recorded from its date, which is long anterior to the conveyance made to Luckett.

II. On the second point, it is only necessary to say, the well known effect of the clause *de non alienando* is, to relieve the mortgage creditor from the necessity of pursuing all the steps required by the hypothecary action in ordinary cases. As to the circumstance of the appellant being made a party to the proceedings, we think that he complains of it with bad grace. Far from depriving him of any advantage, it gives him rights which he would not have been entitled to, had the plaintiff instituted his proceedings against the mortgagor, without notice to him. But, be this as it may, the only inquiry for us, when an order of seizure and sale is appealed from, is, whether the Judge who issued it, had sufficient evidence before him to authorize his *fiat*. If he had, and any subsequent error is committed in the execution of it, by not notifying the proper parties or otherwise, redress must be sought by some other proceeding than by an appeal from the order of seizure and sale, which cannot be set aside on account of subsequent irregularities, supposed to have been committed below. 2 Mart. N. S. 32; 1 La. R. 29; 13 La. 3, 14.

*Judgment affirmed.*