### Ezra Courtney *v.* Thomas L. Andrews and another.

Defendants having sold certain lots of ground to the plaintiff and another person, the latter gave their notes for the price, payable at future periods. The notes were identified with the act of sale, and secured by mortgage on the property. The other purchaser having subsequently sold his interest to the plaintiff by an act of sale in which the defendants intervened for the purpose of correcting an error in the description of the property, the notes first given were cancelled, and others were executed by the last purchaser, payable to the defendants, or bearer, for the same amounts and maturing at the same periods as the first. These notes were certified by the parish judge to have been given to secure the purchase money of the property; but no mortgage was reserved to secure their payment. Two of the notes last given having been protested for non payment at maturity, the defendants took out an order of seizure and sale under the act in which a mortgage was reserved in their favor, annexing to their petition therefor the protested notes. On a motion to dissolve : *Held*, that to entitle a party to executory process, as the owner of an act importing a confession of judgment, containing a privilege or mortgage in his favor, it must appear from the act itself, that the debtor has declared or acknowledged therein the debt for which the privilege or mortgage was given; that the order of seizure and sale having been applied for under an act containing no declaration, on the part of the plaintiff, of his being indebted to defendants in the amount sued for, and the notes annexed to the petition not being mentioned in the act, no executory process could be legally issued thereon; that no such process could be issued under the first sale, as the notes given under it are admitted to have been cancelled ; nor under the second, the defendants not being recognized, nor alluded to therein as the creditors of the plaintiff.

Parol evidence is inadmissible, on an application for an order of seizure and sale, to strengthen or add to the stipulations in the act of mortgage, or to supply the omission of any stipulation. The evidence must appear on the face of the act itself— not *aliunde*.

Appeal from the District Court of East Feliciana, *Johnson*, J.

Simon, J. The facts of this case are these: On the 13th of January, 1840, Andrews and wife sold, by notarial act, to J. B.

Taylor and E. Courtney, three lots in the town of Clinton, for the sum of $6000, for which the purchasers gave their three notes for $2000 each, payable in three annual instalments from the first of January, 1840. Those notes were identified with the act of sale.* On the 20th of March ensuing, a certain sale was passed by authentic act from J. B. Taylor to E. Courtney, in which it is declared : *" that for and in consideration of the cancelling of the notes* (therein described) *given by Taylor and Courtney to Andrews, January 13th, 1840, as the consideration of the lots hereinafter described, sold by said Andrews to Taylor and Courtney,* &c. they, the said Taylor and wife, have given, granted, sold, and delivered unto Ezra Courtney, (present and accepting,) three certain lots, &c."  Andrews and wife intervened in the act for the purpose of explaining and correcting an error made in their previous sale, and declared that lot No. 11 in square 17, instead of lot No. 3, was the lot conveyed and intended to be conveyed by the description No. 3, &c.

It appears that on the day of the sale from Taylor to Courtney, three promissory notes were executed by the latter, *in solido,* with two other persons, for $2000 each, payable to Andrews, or bearer, on the first of January, 1841, '42, and '43, corresponding exactly with the periods of maturity of the three notes mentioned in the first sale, and subsequently cancelled. These last notes, though not mentioned, nor in any manner alluded to in the act of sale from Taylor to Courtney, as replacing the three first notes, contain a certificate of the Parish Judge, in which he declares that, " this note is given to secure the purchase money of three lots in Clinton, this day transferred by J. B. Taylor and wife to Ezra Courtney ;" and no date being given to this certificate, the words " this day " must necessarily refer to the date of the notes.

Sometime after the maturity of the second note, Andrews applied by petition to the Judge of the Third District, for the purpose of obtaining an order of seizure and sale of the three lots by him sold to Taylor and Courtney, to satisfy the two first notes executed by E. Courtney and others, alleging therein that

---

*And were secured by mortgage on the property.

on the 13th of January, 1840, he had sold said lots to Taylor and Courtney, for the sum of $6000, payable as stated in the deed; that on the 20th of March ensuing, Taylor conveyed his interest in the premises to E. Courtney, the notes of said Taylor being cancelled, and E. Courtney and others executing their joint and several notes, to petitioner, or bearer, for the sum of $2000 each, and which were identified by the notary with the act of sale from Taylor to Courtney.   The order applied for was granted, and executory process having issued thereon, the sale of the property seized was arrested at the suit of Ezra Courtney, who obtained a writ of injunction for that purpose.

His petition represents that Andrews had no right to obtain the order of seizure and sale, which, he insists, is unauthorized by law.   He admits the purchase made by himself and Taylor, on the 13th of January, 1840, for which they gave three notes, &c., but avers that said notes were subsequently novated and paid by the other three notes given on the 20th of March; that these notes were given to Andrews, and the three previous ones were cancelled.   He further alleges that no mortgage was executed on the property to secure the payment of the notes of the 20th of March, and that it is not even pretended in Andrews' petition for an order of seizure and sale, nor alleged that any mortgage, or act importing a confession of judgment on the same exists.   He prays for a writ of injunction, and claims $500 damages against Andrews, &c.

Andrews answered by averring that there was no sufficient ground for the issuing of the injunction.   He denies that there has been any novation as set forth in the petition; and prays that the injunction may be dissolved, with interest and damages, &c.

Judgment was rendered below in favor of the defendants, dissolving the injunction, and condemning the plaintiff and his security on the bond, to pay, *in solido,* to the defendant Andrews five per centum on the amount enjoined as damages, and the further sum of $100 as special damages; and from this judgment, after a vain application for a new trial, the plaintiff, Courtney, has appealed.

It has been asserted in the argument of this cause, and assented to by the appellant's counsel in open court, that said appellant

did not wish to prosecute his appeal; that he was willing to acquiesce in the judgment appealed from, and had already acquiesced in it; but that James Holmes, who is the appellant's surety on the injunction bond, having become a party to this appeal by the written consent of all the parties, and being now the real appellant before us, this case is to be examined in relation only to the interest which the said surety has in obtaining the reversal of the judgment complained of.

The only question then presented to our consideration is, whether the injunction sued out was wrongfully and improperly obtained?

We are of opinion that it was properly granted, and that it should have been maintained below. Under the provisions of our Code of Practice, it is well known that executory process can only be resorted to in two cases, one of which is, when the creditor's right arises from an act importing a confession of judgment, which contains a privilege or mortgage in his favor, (Code of Practice, art. 732); and that an act cannot be considered as importing a confession of judgment, unless, being passed before a notary public and two witnesses, the debtor has declared or acknowledged therein the debt for which the privilege or mortgage is given. Ibid. art. 733. Thus, it seems to be absolutely required that the declared indebtedness of the mortgagor, or his acknowledgment of the debt, should appear *on the face of the act itself*, and that nothing short of such written declaration, or acknowledgment in the act of mortgage, should authorize the issuing of executory process. In this case, however, the order of seizure and sale complained of, was applied for upon an act which does not contain, on the part of the plaintiff, Courtney, any declaration of his being indebted to Andrews in the amount sued for by the latter. The notes annexed to Andrews' petition are not even mentioned in the act; and although those notes contain a certificate of the Parish Judge, showing that they were given to secure the purchase money of the property transferred by Taylor and wife to Courtney, such certificate cannot, in our opinion, be considered as bearing on its face that authenticity which the law requires. Certain it is that Courtney, though the last vendee of the property, which

had been originally sold by Andrews to himself and Taylor, does not stipulate in the sale from his co-vendee to him that he assumes the payment of the original price due to Andrews, and that, acknowledging his indebtedness, he will discharge alone the amount of the original obligation of both. How could it be said, then, that the instrument sued on by Andrews amounts to a confession of judgment in favor of the latter? He is no where recognized, nor even alluded to in the act as Courtney's creditor; and as to the first act of sale, in which he became indebted jointly with Taylor for the price of the property, we cannot see how the stipulations therein contained could avail the vendor, when he acknowledges himself, in his petition, that the notes given at that time *were subsequently cancelled*, and that, therefore, the evidence of the debt is no longer in his possession, or under his control. Again, we are satisfied that we could not consider the evidence of Andrews' mortgage claim sufficient to authorize the issuing of an order of scizure and sale, without violating the laws upon which his application was based. It may perhaps be sufficient to enable him to proceed in the *via ordinaria*, but we think when the *via executiva* is resorted to, the applicant must bring himself strictly within the requisites of the law.

With regard to the parol evidence admitted below to establish facts which are not shown by the written acts annexed to Andrews' petition for an order of seizure and sale, and which evidence, having been objected to, became the subject of two bills of exception found in the record, we think it was improperly received. The law does not contemplate that parol evidence should be admitted to supply, strengthen, or add to the stipulations contained in an act of mortgage on which an order of seizure or sale is sought to be obtained. The evidence which the law requires must appear on the face of the instrument itself, and none can be received *aliunde*. As we have already said, nothing short of the written declaration, or acknowledgment of the debtor in the deed of mortgage, should authorize the issuing of executory process.

With this view of the case, it is unnecessary to examine the other questions, and particularly that of novation, which have

been raised, and so seriously contended for in the argument of this cause. It is clear that the order of seizure and sale having been illegally issued, the sale of the property seized was properly enjoined, and that the surety on the injunction bond must be discharged from the payment of the interest and damages allowed below to the appellees.

It is, therefore, ordered and decreed, that the judgment of the District Court, with regard to the appellant Holmes, surety on the injunction bond, be avoided and reversed; and that ours be in favor of said appellant, with the costs in both courts.

*Lawson* and *Merrick*, for the appellant.

*Lyons* and *Andrews*, for the defendants.