ERWIN<br>v.<br>LOWRY.

## CUMMING v. ARCHINARD et al.

1  279<br>50 1291

A certificate of the clerk that, the record contains "a true and perfect transcript of the documents and proceedings in the case," is sufficient, where the appeal is taken from an order of seizure and sale. *Per Curiam:* In proceedings by seizure and sale all the evidence being required to be in the form of authentic acts, the certificate is a substantial compliance with the requirements of art. 896 of the Code of Practice.

The provision of sect. 11 of the stat. of 20th March, 1839, that the cost of copies of notarial acts shall be paid by the party cast, applies to cases in which the proceedings are *viâ executivâ*, as well as to ordinary actions.

Executory proceedings being *ex parte*, the seizing creditor must, at his peril, look to the accuracy of his demand and of the decree. Where judgment is rendered for more than is due, however small the amount of the error, it must be reversed, and the plaintiff condemned to pay the costs of the appeal.

APPEAL from the District Court of Rapides, *King*, J.

The judgment of the court was pronounced by

SLIDELL, J. This is an appeal from a decree of seizure and sale. The first question to be considered is the alleged defectiveness of the clerk's certificate, by reason of which the appellee contends that we cannot consider the merits. The certificate is in the words: "I hereby certify the foregoing to be a true and perfect transcript of the record, documents, and proceedings of the suit entitled *Alonzo Cumming* v. *C. & F. Archinard*, existing in this office. In testimony," &c.

In proceedings by seizure and sale all the evidence must be in the form of authentic documents. The clerk's certificate is, therefore, a substantial compliance with article 896 of the Code of Practice. In aid also of this certificate, if such aid be necessary, the decree contains this expression: "By reason of the evidence annexed to the foregoing petition, and of the law, it is ordered," &c. The petitioner recites the documents on which he bases his prayer for a decree, and describes them *seriatim* as annexed to the petition. The transcript before us contains all these documents. There cannot, therefore, be a doubt that it contains all the evidence upon which the decree was rendered; and it is our duty to determine whether this evidence justified the decree.

The appellants contend that, the decree (and the writ issued thereon,) covers $6 50, costs of notarial copies ; that, the act of 1839, allowing as costs, copies of notarial acts, applies only to costs in ordinary suits, and not to proceedings *viâ executivâ*. We cannot recognize so narrow an interpretation of the statute. Article 63. of the Code of Practice give costs in executory proceedings, and though the statute is declared to be amendatory of article 552, we see nothing in that circumstance to exclude from its operation costs in all judicial proceed-

CUMMING
v.
ARCHINARD.

ings; that the judge himself has thought proper to tax this portion of the costs, can certainly form no ground of objection. He had the documents before him, and was certainly competent to assess the costs of procuring them, which costs are regulated by law, and it is not pretended that he had assessed them at an illegal rate. In this respect there is no error in the decree.

The next objection of the appellants is that, the decree allows interest from the 1st March, 1841, instead of 4th March, 1841, making a difference of $3 56. This is a very trifling matter upon which to arrest the collection of a debt of several thousand dollars, and suspend the rights of the plaintiff for more than two years. But being insisted upon by the appellants, we are obliged to notice it. Executory proceedings are *ex parte*, and the seizing creditor must, at his peril, look to the accuracy of his demand and of the decree.

It is therefore decreed that, the judgment of the court below be reversed; and it is further decreed that, an order of seizure and sale issue according to law, and that the mortgaged property in the plaintiff's petition described be sold thereunder, to pay and satisfy the demand of the petitioner, to wit, the sum of $4769 84, with interest thereon at the rate of ten per centum per annum, from the eighth day of April, 1841, till paid, and the further sum of $6 50 costs of the notarial copies annexed to plaintiff's petition, and costs of suit, except those of this appeal; and it is further decreed that the appellee pay the costs of this appeal.

*Hyman*, for the plaintiff. *M. Boyce*, for the appellants.