ROBB et al. *v.* POTTS.

In proceedings *viâ executivâ* the creditor must bring himself within the letter of the law.

A judgment having been obtained against the owner of a city lot, in proceedings instituted by one of the municipalities of New Orleans, under the sta t. of 3 April, 1832, for the opening of a street, establishing the amount of his contribution; defendant purchased the lot, and assumed to pay the judgment in favor of the municipality, putting himself in the place of his vendor. Plaintiffs having become subrogated to the rights of the municipality, took out an order of seizure and sale against the property. *Held*, that defendant, in assuming the debt, merely put himself *personally* in the place of his vendor; that plaintiffs can enforce against him only the mortgage which existed on the property at the time of his purchase, and that that must be done *viâ ordinariâ;* that if the claim, on which the order of seizure and sale was obtained, still belonged to the municipality, it could not, under the act of 1832, resort to proceedings *viâ executivâ*, without having previously passed a resolution requiring the issuing of the process by the court in which the assessment was confirmed; and that the right to proceed *viâ executivâ*, even after passing such a resolution, is personal to the corporation, and cannot be transferred to its creditors.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Lockett* and *Goold*, for the plaintiffs. *Elmore* and *W. W. King*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiffs allege that, in the case of the Mayor and Council of Municipality No. 2, praying for the appointment of commissioners, and for the opening of Lafayette street, the said municipality obtained, under the act of 1832, a judgment against *Asher Philips*, establishing the amount of his contribution, which judgment was duly recorded. That they have obtained a judgment against Municipality No. 2, to satisfy which the judgment against *Philips* has been sold under execution, and adjudged to them. That *Asher Philips* having died, his widow and heirs have sold to the defendant the property assessed for the opening of Lafayette street, and affected by the judgment and judicial mortgage. That the defendant assumed in the act of sale to pay said judgment to the municipality, and has agreed to put himself in the state and place of the widow and heirs of *Asher Philips*. That by their purchase of the judgment they have become subrogated to all the rights of the municipality, and are entitled to avail themselves of the assumption of the defendant. They pray that executory process may be issued, and that the property mortgaged be seized and sold for cash. The order of seizure was granted, and the defendant appealed.

The executory process is a harsh remedy, and whoever resorts to it must make out a clear case, and bring himself within the letter of the law. If the claim on which the order of seizure was obtained in the present instance were still the property of the Municipality No. 2, that corporation could not, under the act of 1832, resort to the executory process, without previously passing a resolution requiring the issuing of the process by the court in which the assessment was confirmed. The right to proceed *viâ executivâ*, after passing this resolution, is personal to the corporation, and cannot be transferred to its creditors. If the defendant, in assuming the payment of the debt, had given a special mortgage on the property to secure it, the plaintiffs might, perhaps, proceed as they have done, on that mortgage. But no such mortgage is found in the sale under which defendant holds He has simply assumed the debt, and put him-

self *personally* in the place of his vendors. The plaintiffs, therefore, can only enforce against him the mortgage which existed on the property at the time of his purchase, and this must be done in an ordinary suit. For the reasons assigned, the appellant is entitled to relief.

It is therefore ordered, that the order of seizure and sale in this case be set aside and annulled, and that the plaintiffs pay the costs in both courts.