## French v. The Mechanics and Traders Bank.

Executory process cannot be issued on a mortgage containing mutual covenants, which was never accepted by the mortgagee, there being no authentic evidence that the latter ever bound himself to the implied covenants contained in the act. The institution of proceedings under the mortgage is not a sufficient acceptance to authorize the issuing of executory process. The evidence on which executory process issues must be authentic. The judge, in granting the order, can take no cognizance of other evidence.

APPEAL from the District Court of Concordia, *Barry*, J. *Stacy* and *Sparrow*, for the appellant. *T. P. Farrar*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by the plaintiff from a decree of the

Court of the Eleventh District, dissolving an injunction which had been issued against proceedings by executory process, which had been taken by the Mechanics and Traders Bank, on a mortgage given by *French* as a part payment of a judgment which the bank held against *Thomas Alexander*. In the petition for injunction, besides the distinct ground on which the plaintiff claims relief, there is an allegation that the order directing the executory process, and also the writ issued, are irregular and illegal, for the cause assigned and others on the face of the record. This allegation authorizes the examination of the regularity of the proceedings.

<div style="float:right">FRENCH<br>*v.*<br>MECHANICS<br>AND TRADERS<br>BANK.</div>

The objection made by the plaintiff on this ground is, that there is no evidence that the mortgage on which the proceedings are instituted was ever accepted by the bank.

The mortgage was executed on the 30th of November, 1844, by the plaintiff, with the renunciation of his wife, who alone were parties to it. It was given in part payment of a judgment the bank held against *Alexander*. As it contained mutual covenants, it is obvious that it was without effect until accepted by the bank, and the bank bound itself to release *Alexander* to the extent of the amount of the mortgage thus given in payment. The act of mortgage was never accepted by the bank, and there is no evidence, by authentic act, that the bank ever bound itself to the implied covenants contained in the act.

It is requisite that the evidence on which executory proceedings are had should be by authentic act. The judge in granting the order for execution can take no cognizance of matters resting *en pais*. The bank instituted proceedings on this mortgage, in October, 1846, and it is urged that this fact is an acceptance of the act of mortgage. But we think in an act of mortgage of this kind there is no reason for extending the rule which requires the highest evidence of the contract between the parties, as well as that the evidence should be complete and entire before the party can avail himself of this summary proceeding. Had the mortgage been a mere security for a debt, perhaps there might have been ground for presuming that the creditor accepted what was for his benefit. In a matter like that before us, which had been left open so long and in which the party executing the mortgage required the partial extinction of a judgment and the substitution of new security, no judicial action ought to be taken as on an act imparting a confession of judgment.

The judgment of the District Court is, therefore, reversed, and it is decreed that the executory proceedings instituted against the plaintiff in injunction be dismissed, with costs in both courts.