LEIGH
*v.*
MEURICE.

## COMMERCIAL BANK OF NEW ORLEANS *v.* SUSAN POLAND.

Where a note secured by mortgage is endorsed by the payee to a third person, the endorsee cannot issue executory process on the mortgage, without authentic evidence of the endorsement.

APPEAL from the District Court of Jefferson, *Clarke*, J. *E. Rawle*, for plaintiff. *Dunlap* and *Clark*, for defendant. The judgment of the court, (*Preston*, J., not sitting in the case on account of interest) was pronounced by

EUSTIS, C. J. This is an appeal from an order of seizure and sale issued by the judge of the third district.

The appellant asks for a reversal of the judgment appealed from, because there is no evidence that the plaintiffs are the owners or holders of the note of the character required for the issuing of the executory process—that is, evidence by authentic act.

The note on which the order of seizure and sale was issued is signed by *Susan Poland*, the defendant and appellant, and is in favor of the executors of the estate of *Robert Layton*, deceased, and bears the endorsement of *Isaac T. Preston*, Executor. The plaintiff holds under this endorsement in blank, without any evidence of the transfer being exhibited. We said, in the case of *French v. The Mechanics and Traders' Bank*, 4th Ann. 153, "It is requisite that the evidence on which executory proceedings are had should be authentic." The judge in granting the order can take no cognizance of matters resting *in pais*. We do not think this defect is aided by the fact of the mortgage given to secure the payment of the note being in favor of the executors of *Layton* or any other holder of the note. This clause gives the plaintiffs the mortgage, but not the note.

The decision on this point renders it unnecessary to examine the other questions raised in argument by the counsel for the appellant.

The judgment of the district court is therefore reversed, and the plaintiffs' petition dismissed, with costs in both courts.