JEAN LOUIS PELE, Executor, *v.* THOMAS O. MEAUX.

The failure to declare in the act of mortgage the exact amount of insurance, does not invalidate the act.

The order of the court directing the executory process must be strictly in accordance with the authentic act ; items not embraced therein will be stricken out, and the decree sustained for the express conditions of the mortgage.

APPEAL from the Second District Court of New Orleans, *Morgan, J.* *J. Ad. Rozier* for plaintiffs.

*Edward Rawle for defendant and appellant.*—This is an executory proceeding, and the defendant appeals. The petitioner states that he is holder of a note for $3,000, made by defendant, the payment of which is secured by mortgage. After reciting the act and making the usual allegations, he prays that the property mortgaged may be sold, and that out of the proceeds, he shall be paid the sum of $3,000, and $3 cost of protest, and $30 premium of insurance and the interest, and $150 attorney's fee.

The following order was given : "Let executory process issue in this case, as within prayed for, according to law."

1. The mortgage.—In the act, the debtor mortgages certain property to secure the payment of two notes, one for $3,000 and one for $500, and also to reimburse to the mortgagee the lawyer's fee, in the event of the

non-payment of the said notes at maturity; also the reimbursement of all premiums of insurance as shall be paid by the mortgagee, and all charges and expenses. It is also stated that, in the event of said notes not being paid, the mortgaged premises may be seized and sold under executory process without appraisement, the mortgagor waiving and renouncing the benefit of appraisement, and all laws and parts of laws relative to appraisement of movables and immovables, etc.

It is seen that, for the charges and expenses, for the premium of insurance and for the lawyer's fees, there is no sum mentioned.

It is a rule that there cannot be a valid conventional mortgage unless the exact sum for which it is given be declared in the act.

"To render a conventional mortgage valid, it is necessary that the exact sum for which it is given shall be declared in the act." " Que la somme est certaine et déterminée." L. C. 3277.

There must be nothing left for calculation. It must be stated and determined. Such is the rule found in the Louisiana Code and in the Napoleon Code.

La loi a donc été conséquente avec elle-même en exigeant que l'acte contînt une énonciation exacte des sommes pour la sureté desquelles l'hypothêque a été consentie. 2 Troplong Priv. and Hyp. No. 545. See also, Duranton, vol. 19, No. 385; Guichard Legislation Hyp. vol. 2, p. 179.

In this case, the debtor grants a mortgage for the reimbursement of all premiums of insurance, for lawyers and for expenses. No sum, no "certaine somme," is named. Linton v. Pardon, 9 Rob. 482.

In the case of Race & Foster v. Bruen, 11 An. 34, there was perhaps a deflection from the rule which is found in our Code, in the French Code and in the Commentaries. But, in that case, the question was not presented. The opinion of the court touched only that of usury.

Next to be considered is the renunciation of appraisement, which appears in the act. Appraisement of property, seized in execution, is a proceeding established by law and is intended to protect the debtor. As in the case of usury, this right of protection cannot be given away. Bank of the United States v. Owens, 2 Peters 538. In the case of Serrick v. Walker, it is said that a stipulation that property shall be sold without appraisement ought not to be enforced. 15 An. 243.

2. The order of court.—It is ordered by the Judge that executory process should issue, as prayed for and according to law.

It is a common fault to give orders of court, referring to the petition for explanation. But we must take it as it is, and see what is prayed for : The petitioner prays that the property be sold to pay claims, the existence of which there is no evidence in the act of mortgage. The executory process is useful, but trenchant, and can only be employed according to law. C. P. 732. All the evidence which can be noticed by the judge must be found in the authentic act. Nothing out of it can be received. French v. M. & T. Bank, 4 An. 153. Commercial Bank v. Poland, 6 An. 477. Dakin v. Ganahl, 13 L. R. 512. Cumming v. Archinard, 1 An. 279. In the last cited case it was also said that a defect in the certificate of the clerk was of no importance, because, in proceeding

PELE
*v.*
MEAUX.

by seizure and sale, there could be no other evidence than the copy of the authentic act.

It would seem to be treading on the patience of the court to cite more authority to show what is a simple and established rule of law and of evidence, and upon which the decisions of the Supreme Court have been uniform.

HOWELL, J.    This is an appeal from an order of seizure and sale, upon a note secured by mortgage and protested for non-payment.

Appellant, the mortgagor, assigns for error, on the face of the record :

1. The mortgage is not good and valid, according to law, because it purports to secure the payment of the premium of insurance and the reimbursement of lawyers' fees, and there is no exact, certain and determinate amount stated.    C. C. 3277.

Because the waiver of appraisement cannot be legally made by the debtor and mortgagor.

The failure to declare in the act the exact amount of the premium of insurance (which is a mere incident to the contract) does not invalidate the mortgage, the object of which is to secure the payment of the note, the evidence of a debt fixed and certain.    The clause relating to insurance confers an additional protection, of which the mortgagee may avail himself, in a legal manner, under the stipulation.    The amount of the lawyers' fees is made legally certain in the act.

The question of the evasion of appraisement need not be inquired into here, as the order is to sell according to law, and it is presumed the sheriff will do his duty.    See 2 A. 416.

2. The order of the court is not legal, because the judge directs that the property be sold by executory process, to pay the premium of insurance and the cost of the protest of the note ; and there is no evidence, authentic or of any kind, respecting these claims.

This objection seems to be well founded.

Executory process can issue only upon authentic evidence ; and we find nothing in the record to establish the amount of these two items.    1 A. 279.    6 A. 466.    This being an *ex parte* proceeding, the seizing creditor must, at his peril, look to the accuracy of his demand and of the decree.

It is therefore ordered that the decree of seizure and sale be amended, so as to exclude therefrom the items of three dollars, costs of protest, and thirty dollars, amount of premium of insurance ; and that, so amended, said decree be affirmed, with costs of the lower court, the costs of this appeal to be paid by the appellee.