L. E. PEYROUX *v.* PIERRE LACOSTE.

The only inquiry for the Court, when an order of seizure and sale is appealed from, is, whether the Judge who issued had sufficient evidence before him to authorize his fiat.

Without some authentic evidence of the interruption of prescription, no action via executiva can lay.

APPEAL from the Third District Court of New Orleans, *Fellowes, J.* *E. Bermudez*, for appellant. *L. Castera*, for appellee.

ILSLEY. J. It was held, in the case of *John W. Dodd* v. *Robt. A. Crain and another*, 6 Rob. 58, that the only inquiry for this Court, "when an order of seizure and sale is appealed from, is, whether the Judge who issued had sufficient evidence before him to authorize his *fiat*," and concurring, as we do fully, with the opinion thus expressed in that case, we have only now to ascertain if the evidence submitted with the petition to

the Judge who granted the order of seizure and sale, was, in the present case, what the law required in a proceeding via executiva.

It is urged by the appellant that the note sued on was, at the time of and previous to the issuing of the order of seizure and sale, prima facie prescribed, and this is evident on an inspection of the note, which matured on the 26th October, 1860, whilst suit was only instituted on the 25th November, 1865.

Without some *authentic* evidence of the interruption of prescription, which evidence is no where to be found in the record, no action via executiva can lay. The jurisprudence on this point is too firmly established to be questioned. See *Splane* v. *Daniel,* 11 Rob. 449; *McMasters* v. *Mather,* 4 An. 419; *Union Bank of La.* v. *Dosson,* 7 An. 548; *Fowler* v. *Beatty,* 10 An. 275.

It is needless to examine the objection urged by the appellant in regard to the want of internal revenue stamp on the note sued on.

It is therefore ordered, adjudged and decreed, that the order of seizure and sale granted by the Judge à quo, be and the same is hereby rescinded, and the suit dismissed, without prejudice to any legal right or remedy that the plaintiff and appellee may have; the costs of both Courts to be paid by the plaintiff and appellee.