No. 2110.—A. C. Taylor and Husband v. Boedicker & Badenhausen, and S. D. Moody.

When a want of identity of the note with the act of mortgage by which it is secured is shown to exist, the holder cannot proceed by executory process to seize and sell the property mortgaged. Ricks v. Birnstein, 19 An. 141.

A PPEAL from the Fifth Judicial District Court, parish of East Feliciana, *Posey*, J. *McVea & Hunter* for appellees. *Kernan & Lyons* for appellants.

Howell, J. This is an appeal by a third possessor from an order of seizure and sale, in which the only question presented, as stated by counsel for appellees, is, "whether the evidence before the District Judge was sufficient to authorize the issuance of the order of seizure." The error assigned is that the note annexed to the petition does not correspond with and is not the one described in the act of sale, in this :

*First*—"The note sued on is a joint and several note, and the other note described in the act is a joint note.

*Second*—The note sued on is signed by Emil Boedicker and Julius G. Badenhausen, *in solido*, and the note described in the act is signed by Emil Boedicker, Julius G. Badenhausen and Charles H. Allyn, jointly."

These discrepances are manifest, and according to the settled jurisprudence of the State the evidence was not sufficient to authorize the order.

A. C. Taylor and Husband v. Boedicker & Badenhausen, and S. D. Moody.

The three parties last above named, were the vendees of the plaintiffs, and the act of sale declares that they gave their joint note for the sum set forth in the petition, and they are the vendors of the appellant, who assumed to pay the balance stated to be due on the said joint note. The one annexed to the petition is a joint and several note signed by only two of said parties. There is therefore a want of identity between the said note and the one described in the authentic act, and the judge erred in granting the order. See the case of Ricks v. Birnstein, 19 An. 141, and authorities there cited.

It is therefore adjudged and decreed that the order of seizure and sale issued in this case be set aside and annulled, and that plaintiffs pay costs in both courts.