### No. 9873.

### S. Van Raalte vs. The Congregation of the Mission.

An order of seizure and sale must be supported by authentic evidence *exclusively*.

Such an order is improperly granted without authentic evidence of the transfer of notes by indorsement.

In executory proceedings, the judge cannot entertain as evidence matters *in pais*.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

---

*Jonas & Nixon* for Plaintiff and Appellee.

*S. L. Gilmore* for Defendant and Appellant.

---

The opinion of the Court was delivered by

Watkins, J. This appeal is prosecuted by defendant in executory proceedings, and he insists here that the fiat issued without adequate authentic evidence, and that the order of seizure and sale should be annulled and set aside.

In this Court plaintiff and appellee answers the appeal, and avers that it is frivolous and was taken for purposes of delay, and he prays the affirmance of the judgment appealed from, with ten per cent damages.

The appellant assigns as error apparent upon the face of the record that there was *no authentic* evidence before the lower court, at the time it granted the order of seizure and sale, of the *indorsements* on the note; and that the genuineness of same should have been made to appear by authentic evidence.

Plaintiff's petition shows that he is the *bona fide* holder for value of defendant's note, and that it is payable to *the order* of Mrs. Mary D. Foster, for $3000 in gold; that said note was indorsed by Mary D. Foster to *the order* of Dr. J. O. Ducker; and by the latter to the order of Davis F. Ducker; and by the latter to the order of A. D. Sheldon; and by him indorsed in blank; and by Daisy F. Ducker indorsed to the petitioner; and that same is annexed to and made a part of petition, as well as the act of special mortgage securing its payment, in favor of the original payee or any future holder.

The note evidences the various indorsements enumerated, but it bears the impress of but one notarial paraph, and that one is contemporaneous in date with the date of the note and is signed by same notary before whom the act was passed.

The recitals of the act conform with the description of the note and its indorsements above recited.

The record discloses no authentic evidence whatever of the indorsements through which the plaintiff and appellee necessarily traces his title thereto.

This case is an exact parallel with Miller, Lyon & Co. vs. Coppel & Currey, 36 Ann. 264, in which the Court say: "There is authentic evidence of the execution of the note, and of the mortgage, but none to show the transfer of the note and of its accessory, the mortgage. * * * To justify the order of seizure and sale every muniment of title and every link of evidence must be in the authentic form. In such a proceeding the judge can entertain no matter *in pais*." The judgment and decree of the court annulled and set aside the order of seizure and sale, and dismissed the case of nonsuit.

It is therefore ordered, adjudged and decreed that the order of seizure and sale be annulled and set aside, and that the executory proceedings be dismissed as of nonsuit, and that all costs be taxed against plaintiff and appellee.

Judgment reversed.