No. 13,059.

Louise Bonnecaze, Curatrix, vs. J. P. Lieux.

### Syllabus.

1. Where a litigant resorts to executory process and is enjoined, and, in answer to the injunction, does not change to a proceeding *via ordinaria,* but prays that the executory process be maintained, and there is insufficient authentic evidence to sustain such executory process, it will be dismissed.
2. Where the surviving spouse, as usufructuary of community property, makes no complaint that a mortgage granted by him upon the whole property does not cover the usufruct of the individual half of the deceased spouse, the heirs of the latter, as naked owners, have no standing to make such complaint.

APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*Dart & Kernan* for Plaintiff, Defendant in Injunction, Appellant.

*Lazarus & Luce* for J. S. Lieux *et als.,* Plaintiffs in Injunction, Appellees.

The opinion of the court was delivered by

Monroe, J.    Jean Pierre Lieux, being the husband, in community,

of Adeline Samson, acquired certain real estate in New Orleans by
purchase in 1864 and 1865. The wife died in 1879, leaving, as the
issue of her marriage, six children, the youngest of whom is now
about thirty-eight years of age. She also left an estate consisting of
paraphernal property and of her interest in the community. Upon
May 18th, 1880, the surviving father effected a settlement with the
children with respect to the paraphernal property of their mother,
which appeared to have come into his hands in cash, and the amount
of which was fixed at $3,357.09. For the purposes, and as part, of this
settlement, he paid to one daughter, her portion, $559.91½, in cash,
and to the other five children, he gave his notes, each for $559.91½,
dated May 18th, 1880, made payable in five years, with interest at 8
per cent. from maturity, and secured by mortgage on his undivided
half interest in the real estate hereinbefore mentioned.

Between May 10, 1880, and their maturity, payments were made on
account of the notes thus given, so that, in 1885, the aggregate
amount due on them had been reduced to something like $2000, or
less; and, upon May 28, 1885, August Levis, acting as attorney in
fact of Jean Pierre Lieux, borrowed that amount from Emile Bouny,
and took them up. In acknowledgment of the debt thus contracted,
Levis made a note, in the name of his principal, for $2000, payable in
one year, and secured by mortgage executed before Charpentier,
Notary, upon the whole of the property, the undivided one-half of
which had been mortgaged the year before. In the last act there
intervened L. P. DeBautte, who presented the outstanding notes
issued by Lieux, and they were paid and cancelled, and the notary
was authorized to cancel the mortgage by which they were secured.
Upon May 21st, 1886, the note given to Bouny having matured, Lieux
borrowed $2000 from the plaintiff, and gave his note therefor, pay-
able in one year, and also secured by mortgage upon the whole prop-
erty hereinbefore mentioned, the money thus borrowed being used to
take up the note held by Bouny.

It does not appear that Lieux ever acquired from his children the
undivided half interest in the property, thus mortgaged by him,
which they had inherited from their mother, or that they ever con-
sented to the mortgage of their interest in said property, or knew of
it, until within a year or two of the institution of the present pro-
ceedings. Mr. DeBautte was a traveling salesman who frequently
visited Pointe Coupee, where the Lieux family lived, and, about the

date of the Charpentier mortgage, was requested by the Lieux heirs to bring the notes, which they had received from their father, to New Orleans, and to present them to Levis, by whom, their father informed them, they would be paid; and DeBautte did this, as a matter of accommodation. His memory is uncertain as to the details of the matter, but there is nothing in his testimony or in that of the other witnesses, or in his appearance in the act of mortgage (merely to acknowledge payment of the notes, and grant acquittance) to justify the belief that the owners of the notes knew that they were to be paid from the proceeds of a mortgage upon property owned by them. From May, 1887, up to the filing of the suit thereon, interest was paid on the note given to the plaintiff, and it was extended from time to time; and, on more than one occasion, this was done either by F. O. Lieux, or John S. Lieux, two of the heirs, who had, in the meanwhile, come to New Orleans and gone into business with DeBautte. But they appear, from the evidence, to have acted for their father, and in ignorance of the fact that the mortgage securing said note affected their interest in the property. Finally, in 1897, F. J. Dreyfous, in behalf of the plaintiff, as the holder of the said note, addressed a communication to the maker, on the subject of its payment, and received a reply, warning him that the property mortgaged was community property.

In June, 1897, however, the plaintiff sued out executory process and caused the entire property to be seized and advertised, and thereupon, the six children and heirs of Mrs. Lieux injoined; setting up the title, derived from her, to an individual half interest therein, and alleging that said interest had not been mortgaged by them or by their consent. To this the defendant in injunction replied that J. P. Lieux, the mortgagor, was the owner of the whole property, that the proceeds of the mortgage had been used to satisfy the pre-existing mortgage, executed before Charpentier, the proceeds of which, in turn, had been used to pay the mortgagor's notes, given to the plaintiffs in injunction, as the purchase price of their interest in the property seized, and that, having parted with their interest, and received the price therefor, plaintiffs in injunction should be held estopped to make their present claim. Defendant in injunction further alleged that she had been unable to find the act whereby the plaintiffs sold their said interest to their father, and she accordingly annexed to her answer interrogatories on facts and articles, upon

that, and other matters, which she prayed that they be required to answer. She further alleged that, in any event, the usufruct of the father, was covered by her mortgage, and she prayed for judgment authorizing her to proceed *via executiva,* and reserving her right to damages.

The sale proceeded as to the undivided interest of Jean Pierre Lieux, and as to his usufruct of the entire property, and both were adjudicated to Mr. Dreyfous. There was a trial of the injunction suit, and a judgment, recognizing plaintiffs in injunction as naked owners of an undivided half interest in the property seized, subject to the usufruct of their father, as surviving spouse; annulling the mortgage and perpetuating the injunction *quoad* said interest, and restricting the seizure of the same to the usufruct. Defendant in. injunction appealed and the plaintiffs have answered the appeal with a prayer for an amendment of the judgment in so far as it holds the usufruct subject to the seizure.

In their argument in this court, the counsel for the plaintiff in the executory proceeding have abandoned the position assumed in their answer to the petition for injunction. They admit, in the brief filed by them, that the evidence fails to show that J. P. Lieux ever acquired the interest, in the property mortgaged, which the plaintiffs in injunction inherited from their mother, and, hence, admit (by necessary deduction) that he had no authority to impose a mortgage upon that interest.

They argue, however, that the debt due by Lieux to his children was a community debt, for which the whole property in controversy, as community property, was bound; and that, as the plaintiffs in injunction were paid that debt from the proceeds of the Charpentier mortgage, and the Charpentier mortgage was satisfied from the proceeds of the Dreyfous mortgage, the plaintiffs in injunction should be held estopped from now claiming the property, until they have refunded, to the extent that they have been benefited by it, the money received from the Dreyfous mortgage.

We are of opinion that this argument can not be entertained in the present aspect of the case.

First.—Because no such estoppel is set up in the pleadings; the ground of estoppel, relied on in the answer to the injunction, being, that the plaintiffs in injunction had sold their interest in the property

and received the price, and could not now be heard to claim the property.

Second.—Because the proceedings is still *via executiva,* and the rights of the parties must be governed by the law and the rules of practice regulating proceedings in that form.

Executory process can only be resorted to, when the creditor's right arises from an act importing confession of judgment, and which contains a privilege or mortgage in his favor; or when he demands the execution of a judgment rendered by a tribunal of this state other than that in which the execution is sought. C. P., 732.

Plaintiff proceeded, in the instant case, upon what purported to be an act of mortgage; but, *quoad* the interest of the plaintiffs in injunction, it has been shown that the act was executed without authority. The claim as to them, then, falls to the level of an ordinary demand, insufficiently supported by authentic evidence, which can only be prosecuted *via ordinaria.* Courtney vs. Andrews, 10 R., 180; Fowler vs. Beattie, 10 Ann., 275; Roane vs. Wood, 32 Ann., 801.

The proceedings might, no doubt, have been changed into a proceeding *via ordinaria,* had the plaintiff so elected, but, in her answer to the maintenance of the executory process, which has been partially executed, she is careful to insist upon her right. Under these circumstances, and as the facts upon which she now seeks to recover, as against the plaintiffs in injunction, are not susceptible of proof by authentic evidence, the relief for which, alone, she prays can not be granted.

Tildon vs. Dees, 1 R., 407; Chambliss vs. Atkinson, 2nd Ann., 488.

We concur, however, with the learned counsel, in the opinion that the plaintiffs in injunction have no standing to question the right of the mortgagee to seize, under her mortgage, the usufruct of the mortgaged property which is vested in the mortgagor. The usufructuary is not complaining, and the plaintiffs in injunction have no such interest, as, under the circumstances of the case presented, entitles them to do so.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be affirmed at the cost of the appellant.