Statement of the Case.
MONROE, J.
Plaintiff obtained an order for executory process upon a petition in which he alleges that he is the owner of a note for $3,500, drawn by the decedent, dated December 20, 1906, payable one year after date, with interest at the rate of 7 per cent, per annum from date, and secured by mortgage, by act importing confession of judgment, on the property described in the petition. The note annexed to the petition bears date December 19, 1906, and purports to bear the X mark of the decedent; and, as the act of mortgage relied on calls for a note dated December 20, 1906, it follows that the note upon which the order for executory process was based corresponds neither with the allegations of the petition nor with the recitals In said act. The administratrix of Mrs. Theisman enjoined the execution of the order in question, on the allegation that the note is forged, and thereafter obtained a devolutive appeal from said order, which appeal presents the matter now to be considered.
Opinion.
In Ricks v. Bernstein, 19 La. Ann. 141, it appeared that there was a discrepancy between the note sued on and that described in the act of mortgage upon which the order of seizure and sale was based, in that the first bore interest from its date, whilst the other bore interest from maturity, and the court said:
“It is probable that there was an error in the drawing of the- note; but, in a proceeding via executiva, nothing can be left to conjecture. * * Every fact must be patent upon the face of the papers, and if there is any matter in pais, some other proceeding than the one via executiva must be resorted to, to prove it.”
And, to the same effect are the decisions in Taylor v. Boedicker, 21 La. Ann. 170, and Hackemuller v. Figueroa, ante, p. 307, 51 south. 207.
It is contended, on behalf of the appellee, that the appellant, having enjoined the execution of the order of seizure and sale, “is estopped from further defenses, and a devolutive appeal * * * will not be sustained until the injunction sued out is adjudged.” We do not find this position well taken. Defendant, unquestionably, had a right to appeal when the order in question was made; but such appeal could have brought up nothing save what may appear on the face of the record. Upon the other hand, she was entitled, under Code Prac. art. 739, to enjoin the execution of the order without bond, by making some one or more of the allegations required by that article; but she was not at liberty to combine other allegations (for the purposes of an injunction without bond) with those so required, and as a discrepancy between the note sued on and that described in the act of mortgage is not one of the grounds specified in the article mentioned, she must, in order to have presented that question, either have given bond, or have pursued the course which she did pursue, and which, as to matters determinable upon the face of the papers, is the more appropriate remedy. In other words, the law having afforded two remedies for a defendant in a proceeding via executiva, the one by injunction without bond in certain specified cases, and the other by appeal in other cases, and the two remedies being applicable to different conditions, and when so used exclusive of each other, there can be no reason why such defendant should not avail himself of both. The question presented by the appeal relates solely to the right of the plaintiff to proceed via ex-ecutiva ; and that question is not involved in the injunction-suit, save as a possible consequence, in the sense that, if it be held that *603 the note sued on is forged, plaintiff will have no right of action, either via executiva or via ordinaria. It does not lie with a plaintiff in injunction to change a proceeding via executiva into a proceeding via ordinaria, but that can be done by the consent of the plaintiff in the writ of seizure and sale. Tildon v. Dees, 1 Rob. 409; Chambliss v. Atchison, 2 La. Ann. 488; Calhoun v. Bank, 30 La. Ann. 779 ; Bonnecaze v. Lieux, 52 La. Ann. 289, 26 South. 832.
It is therefore ordered, adjudged, and decreed that the order of seizure and sale herein issued be set aside and annulled, at the cost of the plaintiff.