76 So.2d 305

**MYRTLE GROVE PACKING COMPANY**

**v.**

**Mike MONES.**

No. 41545.

March 22, 1954.

On Rehearing Nov. 8, 1954.

Cahn, Provensal & Faris and Sidney W. Provensal, Jr., New Orleans, for appellant.

Allen J. Tillery, New Orleans, for appellee.

FOURNET, Chief Justice.

The Myrtle Grove Packing Company, Inc., is appealing from a judgment enjoining the sale of a certain vessel named the "Anna Mae Williams," seized under executory process to satisfy a claim of $2,602.32, the balance alleged to be due on a $4,800 note [1] given as part payment of the seized boat.

In this court the creditor contends the trial judge should have denied the injunction inasmuch as the debtor in his petition for the injunction [2] admitted he owed a balance on the boat of at least $806.79, and the rights of both parties to impute the payments already made in accordance with law can be determined after the sale.

We are not informed on what basis the trial judge granted the injunction, as we are not favored with reasons for judgment, but we think a mere perusal of the record evidences the fact that executory process was improvidently granted in this case since neither the act of sale and mortgage containing the confession of judgment nor the note sued on were presented to the trial judge at the time he was requested to issue the writ. The only document attached to the petition was a statement of an open account between the parties. The act of sale and mortgage was eventually introduced in evidence on the trial of the in-

1. According to the petition the note is payable at the rate of $100 a month and bears interest of 4%.

2. In his petition he alleges the mode of payment was changed verbally, the payments being extended over a 5-year period and to be taken out of such bonuses as might be due him for shrimp delivered to the company. He further alleged he had not been credited with cash payments ag-

gregating $1,000 and the additional sum of $615.40 expended by him in making seaworthy a boat owned by the plaintiff, thus leaving a balance due of only $806.-79. He further complained the creditor was seeking to recover by executory process, as reflected by the statement annexed to the petition, certain amounts due by him on an open account, in addition to the balance due on the secured note.

junction proceedings, but the note was never introduced and forms no part of this record. It is apparent, however, from the testimony that the note sued on was a demand note, whereas the one identified in the act of sale and mortgage is as described in footnote No. 1, i. e., one payable at $100 a month.

 Executory process, under which a creditor is permitted, without citation or the usual legal delays, to seize the property of the debtor in satisfaction of a claim, is a harsh remedy specifically sanctioned by the Constitution, Section 44 of Article VII, and is permitted in only two instances, the one pertinent to the instant case being where it is supported by an act importing a confession of judgment. Article 732 of the Code of Practice. Consequently, there must be strict compliance with the letter of the law governing this severe remedy. Courtney v. Andrews, 10 Rob. 180; Cumming v. Archinard, 1 La.Ann. 279; Robb v. Potts, 2 La. Ann. 552; Pele v. Meaux, 17 La.Ann. 58; Ricks v. Bernstein, 19 La.Ann. 141; Calhoun v. Mechanics' & Traders' Bank, 30 La.Ann. 772; Bank of Leesville v. Wingate, 123 La. 386, 48 So. 1005; and General Contract Purchase Corp. v. Doyle, La.App., 56 So.2d 432. Further, it is well settled by authorities that are legion in our jurisprudence that the writ of seizure and sale may issue only upon the presentation to the judge of the note sued on and the act containing the confession of judgment.[3] Day v. Fristoe, 7 Mart., O.S., 239; Wray v. Henry, 10 Mart., O.S., 222; Tilghman v. Dias, 12 Mart., O.S., 691; Harrod v. Voorhies, Adm'x, 16 La. 254; Tildon v. Dees, 1 Rob. 407; Dodd v. Crain, 6 Rob. 58; Dosson v. Sanders, 12 Rob. 238; Cumming v. Archinard, 1 La.Ann. 279; Chambliss v. Atchison, 2 La.Ann. 488; French v. Mechanics' & Traders' Bank, 4 La.Ann. 152; Commercial Bank of New Orleans v. Poland, 6 La.Ann. 477; Tufts, Fermor & Co. v. Beard, 9 La.Ann. 310; Pele v. Meaux, supra; De Brueys v. Freret, 18 La.Ann. 80; Peyroux v. Lacoste, 18 La.Ann. 626; Gaudoz v. Blanque, 23 La.Ann. 520; Parkerson v. Grundy, 23 La.Ann. 530; Fazende v. Flood, 24 La.Ann. 425; Burns v. Naughton, 24 La.Ann. 476; Crescent-City Bank v. Blanque, 32 La.Ann. 264; Wood & Roane v. Wood, 32 La.Ann. 801; Miller, Lyon & Co. v. Cappel & Curry, 36 La.Ann. 264; Van Raalte v. Congregation of the Mission, 39 La.Ann. 617, 2 So. 190; Bonnecaze v. Lieux, 52 La.Ann. 285, 26 So. 832; Bank of Leesville v. Wingate, supra; Interstate Trust & Banking Co. v. Powell Bros. & Sanders Co., 126 La. 22, 52 So. 179; Osborne v. Mossler Acceptance Co., 214 La. 503, 38 So.2d 151; Commercial Credit Co.

---

3. Executory process for the seizure and sale of an immovable must be based on an authentic act, but where movables are involved, the act may be under private signature duly acknowledged since the enactment of Act 441 of 1952, amending LSA–R.S. 9:5363. See, General Motors Acceptance Corporation v. Anzelmo, 222 La. 1019, 64 So.2d 417.

v. Melba Candy Co., 3 La.App. 267; Terrel v. Ferguson, 4 La.App. 339; General Finance Co. of La. v. Evans, La.App., 196 So. 581; and General Contract Purchase Corp. v. Doyle, supra. And where there is a discrepancy between the note sought to be collected and the note described in the mortgage, this discrepancy is fatal to the action. Chambliss v. Atchison; Courtney v. Andrews; Ricks v. Bernstein; Miller, Lyon & Co. v. Cappel & Curry; Van Raalte v. Congregation of the Mission, all supra; Taylor & Husband v. Boedicker & Badenhausen, 21 La.Ann. 170; Hackemuller v. Figueroa, 125 La. 307, 51 So. 207; Kreher v. Theisman's Estate, 125 La. 600, 51 So. 656; Bass v. Barthelemy, 134 La. 319, 64 So. 126; and Southern Hardware & Woodstock Co. v. Smith, 11 La.App. 49, 123 So. 403.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.

## On Rehearing

McCALEB, Justice.

Our holding on first hearing that the order of executory process was improvidently granted was premised upon two grounds: (1) that the record did not show that the mortgage note and the act of sale and mortgage containing the confession of judgment had been presented to the trial judge when request was made for the issuance of the writ and (2) that it was apparent from the testimony that there was a discrepancy between the note sued on (which was not in the record) and the one described in the act of sale and mortgage.

In an application for a rehearing supported by affidavit, counsel for plaintiff stated that, as a matter of fact, the act of sale and mortgage and the note sued on were actually attached to the petition and presented to the district judge, even though the record did not reveal this to be the case. Upon this showing, we granted a rehearing.

When the case was resubmitted, counsel for defendant frankly conceded that the judge had all the necessary papers before him at the time he signed the order for executory process. Consequently, the first ground upon which our judgment is pitched passes out of the case.

However, an examination of the note sued on shows that it is payable on demand and thus confirms our resolution that there is a discrepancy between it and the note described in the sale and mortgage, which is payable at the rate of $100 per month commencing on December 1st 1949. This variance, as pointed out in our original opinion, is fatal to the issuance of the writ of executory process for, as said in Ricks v. Bernstein, 19 La.Ann. 141, "Every fact must be patent upon the face of the papers, and if there is any matter in pais some other proceeding than one via executiva must be resorted to, to prove it". This doctrine has

long been imbedded in our jurisprudence. See the cases cited in our original opinion, particularly Hackemuller v. Figueroa, 125 La. 307, 51 So. 207 (difference between dates of the note and mortgage) ; Kreher v. Theisman's Estate, 125 La. 600, 602, 51 So. 656 (discrepancy of one day between date of note and date of mortgage) ; Bass v. Barthelemy, 134 La. 319, 64 So. 126 (mortgage and note were payable to different persons) and Ricks v. Bernstein, supra (note bore interest from date while mortgage bore interest from maturity).

Counsel for plaintiff attempt to differentiate these adjudications from the case at bar on the ground that the note here was paraphed "ne varietur" by the notary, while, so counsel declare, the notes in the cited cases were not thus identified with the acts of mortgage. But, even if this be so (which we doubt), we still fail to see how the presence of the paraph cures the discrepancy between the recitals of the note and the one described in the act of sale and mortgage because it is essential that evidence, other than authentic, must be introduced to establish that the latter represents the same obligation upon which suit is brought. For executory process to issue, all of the evidence must be authentic.

Counsel also maintain that, since the defendant sought an injunction on the ground that time had been granted him to pay the obligation instead of appealing from the order of executory process, he has expressly waived his right to have the writ dissolved.

We find no merit in this proposition. It was held over one hundred years ago in Chambliss v. Atchison, 1847, 2 La.Ann. 488 that grounds for enjoining an order of seizure and sale may be noticed on appeal, though not set out in the petition for the injunction, when apparent on the face of the record. It was also recognized in Hackemuller v. Figueroa, supra, that, notwithstanding that an appeal from an order of seizure and sale may be an adequate remedy, the seized debtor is also entitled to the remedy of injunction, which he may obtain on grounds other than those specified in Article 739 of the Code of Practice, provided he furnish bond (as he has in this case) and otherwise complies with the law regulating the issuance of the writ. And, while it is true that a line of cases, such as Coreil v. Vidrine, 188 La. 343, 177 So. 233, has held that an appeal provides the exclusive remedy for questioning the lack of authentic evidence to support an order of foreclosure under executory process, all of these adjudications were expressly overruled by the court in its recent decision in General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417.

For the foregoing reasons, our former decree is reinstated as the final judgment of this court.