PONDER, Judge.
This is a suit to enjoin a foreclosure by executory process.
Defendant failed to pay two hand notes, secured by a collateral mortgage on his home. Plaintiff had the home seized under a writ of seizure and sale. From a judgment of the trial court denying an injunction, defendant applied for supervisory writs. We issued an alternative writ. The court elected not to issue the injunction; there has been no other response.
The issues are: usury, a variance between the petition and the mortgage note, and variances in the authentic evidence. We make the writ peremptory.
Defendant, alleging the hand notes to be usurious, claims the debt is unenforceable to the extent of all interest due.
At the time that the loans were made to petitioners LSA-R.S. Art. 9:3503 read as follows:
“Notwithstanding any other law to the contrary, particularly but not exclusively Revised Civil Code Article 2924, the amount of simple conventional interest on obligations bearing interest from date and secured in whole or in part, directly or indirectly, by a mortgage on immovable property, shall not exceed ten per cent per annum. The same must be fixed in writing; testimonial proof of it is not admitting in any case.”
This section is modified by LSA-R.S. Art. 9:3506 which reads:
“The provisions of R.S. 9:3502-9:3506 shall apply only to conventional obligations bearing interest from date on the unpaid balance and shall not apply to or affect discount loans; nor shall it affect the enforceability or collectibility of notes or obligations as provided in Revised Civil Code Article 2924.”
We find the hand notes are not usurious. Both notes bear interest from maturity, not from date. The clear language of LSA-R.S. Arts. 9:3503 and 9:3506 reveals only conventional obligations bearing interest “from date” on the unpaid balance are governed by the provision of LSA-R.S. Art. 9:3503. Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973).
Because executory process is a harsh remedy, there must be strict compliance with the letter of the law. Cameron Brown, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir. 1976).
LSA-C.C.P. Art. 2751 provides that the defendant in an executory proceeding may enjoin the seizure and sale “if the procedure required by law for an executory proceeding has not been followed.” LSA-C.C.P. Art. 2635 provides that the plaintiff, to “prove his right to use executory process to enforce the mortgage,” must attach to the petition authentic evidence of: (1) “The note .. . evidencing the obligation secured by the mortgage,” and, (2) the authentic act of mortgage.
Because a discrepancy between the recitals of the note and the one described in the mortgage necessitates the introduction of extrinsic evidence to establish that they represent the same obligation, any variance between the note and the mortgage precludes the use of an executory proceeding. Myrtle Grove Packing Co. v. Mones, 226 La. 287, 76 So.2d 305 (1954).
As stated in the early case of Ricks v. Bernstein, 19 La.Ann. 141, “every fact must be patent upon the face of the papers, and if there is any matter in pais some other proceeding than one via executiva must be resorted to, to prove it.”
Defendant alleges there is a variance between plaintiff’s petition and the collateral mortgage note. In his petition, plaintiff requests 25% attorney fees, the amount authorized by the hand note. The collateral mortgage note authorized 20%. In support of his claim, defendant cites Margolis v. Allen Mortgage and Loan Corporation, 268 So.2d 714 (La.App. 4th Cir. 1972). Although the opinion mentions that the petition and the mortgage note in question were in variance, the court denied the use of executory process because of numerous deficiencies. Of major importance were the absence of an authentic act of mortgage and authentic evidence to identify the holder of order paper payable to a third party.
*584 Because of the hybrid nature of the collateral mortgage, there may be many instances in which a petition, seeking to enforce a hand note by proceeding via execu-tiva against the collateral mortgage note, will not correspond to the collateral mortgage note. See Nathan and Marshall, “The Collateral Mortgage,” 33 La.L.R. 497. Generally the hand note will be for an amount less than the collateral mortgage note. The petition will of necessity be at a variance with the mortgage note as the debtor is only obligated to the extent of the hand note and the collateral mortgage note. In “The Collateral Mortgage: Reassessment and Postscript,” at 36 La.L.R. 973, the authors point out that in a collateral mortgage package, the actual obligation is the hand note. Interest and attorney’s fees are integral parts of this indebtedness secured by the same collateral, i. e.: the collateral mortgage and note. Because the creditor is secured for the whole indebtedness within the limits of the collateral note and mortgage, he can claim the attorney fees authorized by the hand note, within the limits of the collateral note and mortgage, of course. For this reason, we find the variance between plaintiff’s petition and the mortgage note does not negate the use of executory process.
Defendant also claims there is a variance between the collateral note and the collateral mortgage. The collateral mortgage note provides a maximum of twenty (20%) percent additional as attorney fees. The act of mortgage recites that the note identified with it provides for mortgagor to pay either (1) “all attorney fees, together with all such costs, charges and expenses as the holder of this note shall or may incur or pay,” or (2) twenty (20%) percent additional as attorney fees.
We find the discrepancy in the amount of authorized attorney fees in the collateral mortgage note and the collateral mortgage constitutes a material variance sufficient to preclude plaintiff’s use of executory process.
For the above reasons, it is ordered that the writ be made peremptory. The lower court is ordered to issue a preliminary injunction herein enjoining the Sheriff of East Baton Rouge Parish from proceeding with the sale of the following described property under the writ of seizure and sale dated July 10, 1980:
“One certain lot or parcel of land, together with all the buildings and improvements thereon, situated in that subdivision of the Parish of East Baton Rouge, State of Louisiana, known as SHARON HILLS SUBDIVISION, and being more particularly described according to the official plan of said subdivision on file and of record in the office of the Clerk and Recorder for the Parish of East Baton Rouge, Louisiana, as LOT 64, said subdivision, said lot measuring Seventy-five (75') feet front on the east side of Mable Drive by a depth between equal and parallel lines of One Hundred Sixty (160') feet; said lot being subject to a Twenty (20') foot servitude across the rear; and being the same property acquired by present mortgagor by act of record in Conveyance Book 1620, Folio 439, and corrected by judgment of record in Conveyance Book 2453, Folio 536.
“The property herein mortgaged is the family home of the mortgagor.”
Our stay order is thereupon recalled. Plaintiff is cast with all costs.
WRIT MADE PEREMPTORY.