### No. 1423.—CITIZENS' BANK v. ROBERT H. DIXEY.

The only question to be inquired into on appeal from an order of seizure and sale, is whether there was sufficient evidence before the Judge a quo to authorize the fiat.

An order of seizure and sale can not be set aside on appeal on account of subsequent irregularities in the execution thereof.

APPEAL from the Third District Court of New Orleans, *Fellowes,* J. *Armand Pitot,* for appellee. *D. C. Labatt* and *Alexander Walker,* for appellant.

HOWE, J. This is an appeal from an order of seizure and sale signed January 4, 1866.

It is well settled that on such an appeal the only question is, whether there was before the Judge *a quo* sufficient evidence to authorize the fiat. The order can not be set aside on appeal, on account of subsequent irregularities in the execution of it, as by not notifying the proper parties or otherwise. Dodd *vs.* Crain, 6 Rob., 60.

We can only inquire, therefore, into the validity of the order and of the many points raised by the appellant; it will be necessary to consider but these two:

1. That the certificate attached to the copy of the act of mortgage on which the order of seizure and sale was granted, was not stamped as required by acts of the Congress of the United States. And

2. That at the time the order of seizure and sale was made the foreclosure of mortgages in Louisiana was forbidden by general orders No. 15, Headquarters Department of the Gulf, series of 1863.

As to the first point, the record shows that the certificate upon the copy of the act of mortgage has no date, while the mortgage itself is dated August 7, 1861. Upon the principle that a sworn officer is presumed to have done his duty until the contrary be proved, we must conclude that this copy was furnished and certificate made before the act in reference to stamped instruments went into effect, that is, prior to October 1, 1862, (United States Statutes at Large, Vol. 12, p. 475,) and therefore required no stamp.

As to the second point. The military prohibition of the foreclosure of mortgages, which is invoked by the appellant, was removed by General Orders No. 113, Headquarters Department of the Gulf, series of 1864, the text of which may be found in full, in the opinion of this Court, in the case of Graham v. Taylor, 18 An. p. 656, and of which we will take judicial notice. Lanfear v. Mestier, 18 An. p. 497. It is unnecessary then to consider what would have been the effect of order No. 15, if it had remained unrepealed.

We perceive no error in the judgment appealed from, and it is therefore ordered and adjudged that the same be affirmed with costs.

Rehearing refused.