Robert Papillon was convicted of stealing a heifer, and appeals. Affirmed.

Guilbeau & Walker, of Opelousas, for appellant. R. G. Pleasant, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (Prentiss B. Carter, of Franklinton, of counsel), for the State.

MONROE, C. J. Defendant was convicted, by a jury of 12, of stealing a heifer, of the value of $16, and he moved in arrest of judgment, on the ground that the charge, if it has any foundation in law, is that of larceny of property of a value exceeding $5 and less than $20, which offense is triable by the court, without a jury, and punishable by imprisonment for not more than six months nor less than one month.

The motion having been overruled and a sentence to imprisonment at hard labor having been pronounced, this appeal was taken.

The offense described in the motion is that of the larceny of "property," denounced by Act 107 of 1902, § 5, whilst that for which defendant is prosecuted is denounced by Act 64 of 1910, § 1, which reads:

"That whoever shall steal a cow, calf, bull, ox, or any other specie of cattle shall be guilty of a felony, and upon conviction, shall suffer imprisonment at hard labor for not less than one year nor more than five years."

It is argued that a heifer is of the same "specie" as the "cow, bull, or ox,". but is omitted from the enumeration of the statute, and, being of that "specie" is not included in the expression "or any other specie of cattle," and hence is not within the terms of the statute.

But, though a value may be placed upon a cow, charged to have been stolen, and though she may be called a heifer, i. e., a young cow, that has not had a calf, she is, none the less, a cow, and the offense charged is, none the less, within the meaning of the statute. The motion in arrest was therefore properly overruled.

Judgment affirmed.

---

(72 South. 249)

No. 20685.

J. B. LEVERT CO., Limited, v. JOHN T. MOORE PLANTING CO., Limited.

(Oct. 19, 1914. On the Merits, June 5, 1916. Rehearing Denied June 30, 1916.)

*(Syllabus by the Court.)*

On Motion to Dismiss Appeal.

1. APPEAL AND ERROR ⊜➝ 154(4)—DISMISSAL —COMPLIANCE WITH DECREE.

Where a sugar plantation is in the hands of the sheriff under an order of seizure issued in an executory process, and the defendant seeks to enjoin the sheriff from interfering with him in the use of the sugarhouse in making sugar, and, further, asks that the writ of seizure and sale be set aside on the ground that the creditor has granted an extension of time, and, again,

has requested the sheriff to grind the crop of sugar cane instead of selling it, the seized debtor has not acquiesced in the order of seizure and sale, and he is not estopped from appealing therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 966–968; Dec. Dig. ⬅➡ 154(4).]

### On the Merits.

2. CORPORATIONS ⬅➡432(12)—POWERS — REPRESENTATION BY OFFICER—RATIFICATION.

In the foreclosure of a mortgage via executiva, on two authentic instruments, one an act of mortgage, and the other a supplemental agreement on the same subject-matter, *held*, that the authority of the vice president of the defendant company to execute the original contract was sufficiently proven by the duly authorized supplemental agreement, which showed that the said company had voluntarily executed its part of the original contract, and reaped the fruits thereof, and had recognized the agreement as valid and binding in every respect on the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1737, 1743, 1762; Dec. Dig. ⬅➡432(12).]

Provosty, J., dissenting.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by the J. B. Levert Company, Limited, against the John T. Moore Planting Company, Limited. From a judgment for plaintiff, defendant appeals. Affirmed.

Charlton R. Beattie, of New Orleans, for appellant. Dufour & Dufour, of New Orleans (H. Generes Dufour, of New Orleans, of counsel), for appellee.

SOMMERVILLE, J. [1] Defendant appeals, devolutively, from an order of executory process, on the ground that the order granting the appeal had been issued on insufficient and improper evidence.

The motion to dismiss the appeal is based on the allegation that defendant had acquiesced in this order for executory process: (1) By causing an injunction to issue in the cause, without bond; (2) by causing an injunction to issue with bond; and (3) by correspondence between the defendant and the sheriff, who was in charge of the property seized. Copies of the documents referred to are attached to the motion to dismiss.

1. The first injunction sued out, without bond, by the defendant company, was to enjoin the sheriff from interfering with it, the company, in the use of the sugarhouse which had been seized, in making marketable sugar out of the masse-cuite which was in the sugarhouse, and which was alleged to be not liable to seizure under the writ. This action on the part of defendant was a resistance of the order of seizure, and cannot possibly be construed into an acquiescence.

2. The second injunction sued out by defendant is represented to have been on the allegation that the seizing creditor had extended the time of the note, or notes, secured by mortgage, liens, and privileges, and that such extension of time had not expired. Such action on the part of defendant was a resistance of the order of seizure and sale, and not an acquiescence therein. The law gives to a defendant the right to enjoin the seizure and sale on the ground alleged; and the exercise of this right has not estopped defendant from appealing from the order of seizure and sale on the ground that said order was issued on insufficient evidence.

3. The third ground for dismissing the appeal is based on correspondence between defendant and the sheriff in charge of the property, and it is filed with the motion. An examination thereof does not indicate an acquiescence by defendant. It consists simply of suggestions made by defendant to the officer in charge as to the best method of handling the crop of sugar cane which was about to be harvested. There was no acquiescence in the writ of seizure and sale. The sheriff had dispossessed defendant, and had taken possession of the property, and defendant was constrained to help itself and its creditors by making suggestions to the officer in charge

of the property. It did not, and it could not, act in the premises for itself.

The motion to dismiss the appeal is denied.

## On the Merits.

LAND, J. This is an appeal from an order of seizure and sale directed against several large sugar plantations. The only question before us is whether there was sufficient authentic evidence presented to the judge below to authorize the fiat. Dodd v. Crain, 6 Rob. 58.

[2] The act of special mortgage, purporting to have been executed by the John T. Moore Planting Company, Limited, per J. Austin Moore, vice president, in favor of the J. B. Levert Company, Limited, was passed before a notary public and two witnesses, and therefore is in due form. All the notes described in the act of mortgage are identified therewith by the paraph of the notary. But there was not presented to the judge a quo a copy of any resolution of the board of directors of the John T. Moore Planting Company, authorizing J. Austin Moore to execute said mortgage. It is however, argued by counsel for the plaintiff that this omission was supplied by other authentic evidence presented to the judge, showing that the said vice president was so authorized, or at least that the execution of the mortgage had been ratified, approved, and adopted by the John T. Moore Planting Company.

We find in the record the following document, to wit:

"Be it resolved:
"That J. Austin Moore, vice president, be authorized to appear for and on behalf of the John T. Moore Planting Company, Limited, and to agree to the matters set out in the following act, and to execute said act for this company.
     "[Signed] J. R. McNaughten, Secretary.
"A true copy from the minutes of February 2, 1912.
       "[Signed] John R. McNaughten,
            "Secretary. [L. S.]"

Here follows a duplicate of the provisions of a notarial act passed on the same day, before Taylor Beattie, Jr., notary public, and signed by the John T. Moore Planting Company, Limited, through its said vice president, and by all the holders of second mortgages on the lands specially mortgaged to the J. B. Levert Company, Limited. The same act was a few days later signed by the J. B. Levert Company through its president.

The parties to this act, including two members of the John T. Moore Planting Company, expressly recognized the existence and priority of the special mortgage in favor of the J. B. Levert Company, and the holders of the second mortgages consented and agreed that the Levert Company might turn over to the Moore Company some $70,000, proceeds of the sugar crop of the previous year, to enable the Moore Company to operate said plantations during the year 1912.

The special mortgage in favor of the Levert Company included $75,000 to cover future crop advances, which were also secured by a pledge of the crops.

The documents show that the Levert Company had in its hands proceeds of said crops to a sufficient amount to pay said sum, that the Moore Company needed money to operate its plantations for the year 1912, and that the Levert Company was willing to release its claims on the proceeds of the crops in its hands, provided it could be done without prejudice to its first mortgage. This contract converted the Levert Company mortgage for future advances into an absolute mortgage for value received. On the part of the Moore Company, the contract enabled them to use the proceeds of its crops for the operations of another season.

This important supplemental contract is held up by counsel for defendant as a mere recognitive act, without legal effect, because the tenor of the original act of mortgage was not therein set forth. As we have in the record before us copies of the original act of mortgage, and of the supplemental contract,

"the primordial title" has been produced, and C. C. art. 2271, has no application. The difference between referring to and supplying a prior title or contract is obvious.

If the vice president of the Moore Company had no special authority to execute the original mortgage, the authentic contract of February 2, 1912, shows that said company voluntarily executed its obligations under the original contract, reaped its fruits, and adopted it as its own. Every ratification has the legal effect of an original mandate.

Decree affirmed.

PROVOSTY, J., dissents.