### CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1924

and

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1925

(105 So. 79)

No. 25258.

**BANK OF HOUMA v. SHAFFER.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Bills and notes ⬳527(1)—Notes sued on are prima facie evidence of amount due.**

Notes sued on are prima facie evidence of amount due.

2. **Bills and notes ⬳499—Burden is on maker to disprove that notes sued on are prima facie evidence of amount due.**

Burden is on maker to disprove presumption that notes sued on are prima facie evidence of amount due.

3. **Mortgages ⬳502—Assumption that nothing covered by mortgage was excepted from seizure in order for executory process held erroneous.**

Where, by comparison of description of property in petition and sold under order of court with description contained in act of mortgage, property described in release was not included in foreclosure proceedings, assumption that nothing covered by original act of mortgage was excepted from seizure in order of executory process was erroneous.

4. **Mortgages ⬳502—Order for executory process should not issue when variance between it and act of mortgage is patent.**

When variance between act of mortgage and order for executory process is patent on record, order should not issue.

O'Niell, C. J., dissenting in part.

Appeal from 20th Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Action by the Bank of Houma against John D. Shaffer. From an order of executory process, defendant appeals. Affirmed.

Harris Gagne, of Houma, for appellant.

Terriberry, Rice & Young, of New Orleans, for appellee.

BRUNOT, J. The defendant borrowed $126,000 from Joseph H. Pullen. This sum was represented by four promissory notes

drawn to the order of and indorsed by the maker, dated March 1, 1919; two of said notes being for the sum of $30,000 each and two for the sum of $33,000 each—all of said notes being due and payable at the Bank of Houma, at Houma, La., on January 1, 1920, with interest thereon at the rate of 7 per cent. per annum from maturity until paid. The notes were secured by a mortgage upon Ardoyn plantation, the mules and appurtenances thereon, the crops for the year 1919 grown on Ardoyn plantation, the crops for the year 1919 grown on the portion of Crescent plantation, which was cultivated by the mortgagor, and by a chattel mortgage on the mules on that portion of the Crescent plantation. The mortgage was executed before A. J. Caillouet, notary public, and the notes were paraphed "Ne Varietur" by the notary, to identify them with the act of mortgage. On April 20, 1920, the notes were paraphed "Ne Varietur" by Calvin Wurzlow, notary public, to identify them with an act of release executed before him on that date.

The Bank of Houma became the holder and owner of two of said notes—one for the sum of $30,000, and one for the sum of $33,000. On August 12, 1919, the last-mentioned note was credited with a payment thereon by the defendant of $15,750, reducing the sum owing to the Bank of Houma to a total of $47,250. The defendant failed to pay said notes at their maturity, and on January 31, 1922, the Bank of Houma caused executory process to issue against Ardoyn plantation, together with the appurtenances thereto and the mules thereon. In obedience to the court's order, the property was advertised, and, after the legal delays, it was sold. The sale was not enjoined by defendant, but on March 16, 1922, he filed a petition praying for, and the court granted him, a devolutive appeal from its order of executory process issued January 31, 1922.

Appellant contends here that the order for executory process should be annulled for two reasons, viz.:

"(1) There is no authentic evidence of the correctness of the credits allowed the defendant upon his notes; nor that the amount demanded is the correct amount due, upon liquidation of accounts between the parties.

"(2) There is stamped upon the face of each note the notarial paraph of C. H. Wurzlow, under date of April 26, 1920, declaring that the said note is identified with an act of mortgage release that day executed before him.

"Nothing covered by the original act of mortgage is excepted from the seizure in the order for executory process, despite the Wurzlow paraph."

[1, 2] The first contention may be disposed of in a few words. If stare decisis be not a figment of the brain, existing only in the imagination, it may be invoked here, because this court has consistently held that the notes sued upon are prima facie evidence of the amount due, and that the burden is upon the maker of the notes to disprove that presumption.

[3] The second contention of appellant is based upon the assumption that "nothing covered by the original act of mortgage is excepted from the seizure in the order for executory process, despite the Wurzlow paraph." This assumption is erroneous, as may be readily seen by comparing the description of the property described in the petition and sold under the order of the court with the description contained in the act of mortgage. By this comparison it is apparent that the property described in the act of release passed before Calvin Wurzlow on April 20, 1924, was not included in the foreclosure proceedings.

As is correctly said in plaintiff's brief:

"Appellant cites and relies upon the cases of Rick v. Bernstein, 19 La. Ann. 141; Kreher v. Theisman's Estate, 125 La. 600, 51 So. 656; Hackmuller v. Figueroa, 125 La. 307, 51 So. 207. These cases recite the correct law on the questions passed upon in them, but they have no application to the case at bar, for in each of them the note sued upon was either for a different amount than the note described in the

act of mortgage, or the date of the note sued on differed from the date of the note described in the mortgage on which the order for executory process issued."

[4] When the variance is patent on the face of the record, the order for executory process should not issue, but, where the notes sued on compare identically with their description in the act of mortgage on which the order for executory process issued, as in this case the authorities relied upon by appellant do not apply.

For these reasons the order of the district court, directing the sale of the mortgaged property in execution of the mortgage, is affirmed at appellant's cost.

O'NIELL, C. J., is of the opinion that the appeal should be dismissed, the writ having been executed and returned before the appeal was taken.