306 So.2d 312 (1974)
BATON ROUGE BANK AND TRUST COMPANY
v.
SUBCO, INC., et al.
No. 6479.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1974.
*313 Theo. F. Cangelosi, John Schwab, Robert L. Cangelosi, John Schwab, Baton Rouge, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Cicero C. Sessions, and J. David Forsyth, New Orleans, for plaintiff-appellant.
Windhorst, Heisler, DeLaup & Wysocki, Henry L. Klein, New Orleans, for defendants-appellees.
Before REDMANN, BOUTALL, and BEER, JJ.
BEER, Judge.
On July 6, 1971 appellant, Baton Rouge Bank & Trust Co., filed a petition against appellees, among others, seeking foreclosure by executory process. Appellees, Mark Smith, Jr. and Mark Smith III were, among others, endorsers on a note in the amount of $450,000.00 held in due course by appellant. The mortgaged property which secured the note (along with appellees' endorsements) was, thereafter, seized and sold following an order for executory process. The mortgaged porperty, which had been appraised before the judicial sale, was subject to a mortgage superior to appellants which was paid from the proceeds leaving an acknowledged credit in the amount of $132,427.85. Appellant sought a deficiency judgment against appellees, among others, for the difference ($450,000.00 less $132,427.85) plus interest, attorney's fees, etc. The petition seeking the deficiency judgment was filed October 1st, 1971 and a default judgment was rendered against appellees, among others, in the Civil District Court on January 21, 1972.
From January 21, 1972 until August 16, 1973 nothing took place that is material to the issues raised in this appeal, although additional litigation did take place between the parties in other proceedings and also various contentions unrelated to this appeal were advanced by appellees in these proceedings and rejected by the Civil District Court.
Then on August 16, 1973 appellees obtained an ex parte order calling upon appellant to show cause why the deficiency judgment of January 21, 1972 should not be set aside and annulled. The apparent basis for the rule to show cause was the contention by appellees that the executory proceeding was a nullity which rendered null the deficiency judgment. The alleged nullity was primarily based upon appellees' contention that the copy of the corporate resolution (required by La.C.C.P. Arts. 2635 and 2636) attached to the act of mortgage executed by Subco, Inc., and pledged as security along with the endorsement of appellees, was not in proper form. The document, which is in the record, contains the following language:
"CERTIFICATE  I certify that I am Secretary of Subco, Inc., that the above resolution is a true and correct copy of a resolution unanimously adopted at a meeting of the Board of Directors of said corporation held at its office on July 11, 1968, all members of the Board being present and voting.
 illegible signature
 Secretary"
The document is a Xerox copy and does not bear any original signature. It is annexed *314 to and made part of the original petition seeking executory process along with Xerox copies of other pertinent documents, including the act of mortgage, properly certified, to which it was attached.
Appellees make no claim that the actual resolution of Subco, Inc. was improper or unsatisfactory.[*] Nor is there any contention that it was not, at some point in time, certified as a true and correct copy by the corporation's secretary. They simply contend that the notary who passed the act of mortgage in which Subco, Inc. appeared as the mortgagor attached a Xerox copy of the certified copy to his act instead of a certified copy. Subco, Inc. is not a party to this appeal and there is no contention by them or in their behalf that the deficiency judgment rendered against them in 1972 is null.
Appellees further contend that nullity results from a disparity in the percentage of attorney's fees stipulated in the collateral mortgage note and the hand note, and cite Myrtle Grove v. Mones, 226 La. 287, 76 So.2d 305 (1954) in support of this contention. There is no variance here between the note and the mortgage as there was in Myrtle Grove, supra. There is only a difference between the provisions of the collateral mortgage note and the hand note with respect to attorney's fees. A collateral mortgage note is nothing more than evidence of the obligation secured by the mortgage. The evidence of the indebtedness is the hand note for which the collateral mortgage note is security. See Slidell Building Supply, Inc. v. I.D.S. Mortgage Corp., La.App., 273 So.2d 343 Writs Denied, 274 So.2d 708 (1973). Also note, Nathan & Marshall, The Collateral Mortgage, 33 La.L.Rev. 487 at 503:
"If the term (e.g., attorney's fees) is provided for in the hand note but not in the "ne varietur" note, then the creditor is entitled to recover, but is not secured, as to that item; if the term is provided for in the "ne varietur" note, but not in the hand note, then the creditor is not only unsecured, but not entitled to recover that particular item because it is not part of the debt."
The issues raised in the Petition and Rule to Show Cause filed on August 16, 1973 and the myriad exceptions filed in response thereto were set down for hearing on October 12, 1973.
On that day, the Trial Court had before it:
1) The rule to show cause; and
2) The following exceptions to the rule:
A) Dilatory Exceptions of Unauthorized Use of Summary Proceeding, and Improper Cumulation of Actions,
B) Dilatory Exception of Vagueness or Ambiguity of the Petition,
C) Declinatory Exception of Lis Pendens (This issue being one which is not the subject matter of this appeal),
D) Declinatory Exception of Insufficiency of Citation,
E) Peremptory Exceptions of No Cause of Action, Prescription, No Right of Action, Res Judicata and Judicial Estoppel,
The exceptions are, by their entitlement, self explanatory.
The District Judge handed down on October 15, 1973. He overruled appellant's exceptions of Unauthorized Use of Summary Proceedings and Improper Cumulation of Actions, No Right of Action, Res Judicata, and Judicial Estoppel. He "granted" the petition to annul the deficiency judgment and, at the same time, gave "judgment" in favor of appellees and against appellant "setting aside and annulling *315 the deficiency judgment rendered in said Bank's favor on January 21, 1972."
The effect was to nullify a judgment of the same Court rendered almost two years previously and not appealed from. The Court took this action as the result of a hearing on a rule to show cause that was, itself, filed a year and a half after the judgment was rendered. The explanation for this procedure is in the District Court's "Reasons for Judgment" which state, "This matter was begun as a summary proceeding and is now being resolved in C.C.P. Article 2592."
We do not agree that the procedure followed by the District Court in considering the nullity issue was proper.
An action for nullity of judgment is neither a summary nor an executory proceeding but an ordinary one which must comply with the rules governing ordinary proceedings. See Columbia Radio and Supply Co. v. Jordan, 215 So.2d 553 (La. App. 4th Cir. 1968).
There is no validityin the context of the proceedingsto the Trial Court's observation that "... this matter was begun as a summary proceeding and is now being resolved in a summary proceeding on authority of La.C.C.P. Article 2592." This is an incorrect observation. Although an executory proceeding did commence this action, the proceedings leading to the obtaining of the deficiency judgment were, in all respects, ordinary proceedings.
The appellee's contentions regarding the Xerox copy of the corporate resolution and the difference in percentage of attorney's fees in the collateral mortgage note and the hand note do not, standing alone, render null the deficiency judgment. The alleged discrepancies must be considered in a full evidentiary hearing in order to determine if they have any material effect. Much has been said regarding the harshness of the executory proceeding and the translation of some judicial reaction to its harshness in the subsequent implementation of deficiency judgments. Yet, a clerical oversight (if there was any) which has no material effect, is not, standing alone, the stuff of which nullity is made. On the other hand, implied or actual reliance upon such error can cause a much different judicial result.
We are of the opinion that only a full evidentiary hearingwith all of the various burdens of proof properly allocated can form a proper basis upon which to adjudicate the nullity issue (including the timeliness of its being raised when the deficiency judgment against Subco, Inc. has not been appealed and is final in all respects).
We are also of the opinion that such a hearing can take place only after a proper petition is filed and followed by proper citation. Although the petition of appellees is apparently in proper form, there has been no citation and, accordingly, the declinatory exception of insufficiency of citation should have been and is now maintained.
Judgment reversed and case remanded for further proceedings not inconsistent with this ruling.
REDMANN, Judge (concurring).
I agree that the exception to the unauthorized use of summary proceeding should have been maintained and that the judgment of nullity must therefore be vacated.[1]
NOTES
[*] It is noted that the resolution authorized Edward Kurtz and/or Mark Smith III to act for the corporation although the Act of Mortgage is executed in behalf of the corporation by Mark Smith, Jr. This point is not raised by appellant or appellee.
[1] I decline especially to join in an unexplained obiter suggestion that a pledge to secure a note only secures interest and attorney's fees to the extent that the thing pledged itself carries interest and attorney's fees.