FRED W. JONES, Judge.
Plaintiff bank filed suit against the defendant via executory process, under which *695 defendant’s encumbered automobile was seized and sold at public sale. Since the sale proceeds were insufficient to satisfy the indebtedness, plaintiff sought and received a deficiency judgment, from which defendant appeals. We affirm.
Defendant argues on appeal that discrepancies between the promissory note and chattel mortgage executed by him in favor of plaintiff rendered the executory proceedings null and that this fatal defect constituted a bar to the action for a deficiency judgment. Defendant concedes that this defense was not raised in the trial court prior to rendition of the deficiency judgment.
Plaintiff bank’s suit for executory process was filed on April 25, 1979. Defendant did not seek to enjoin the public sale of his car thereunder. The automobile was sold on May 23, 1979 for $2340. On July 11, 1979, plaintiff bank filed this suit for a deficiency judgment in the sum of $12,387.85, subject to a credit of $2047 representing the net amount realized by plaintiff from the public sale. The answer of defendant, a practicing attorney who represented himself, generally denied the allegations of the petition and affirmatively pled lack of consideration for the promissory note. At the trial on the merits, on March 9,1981, defendant filed an exception of no right of action and no cause of action, alleging simply that the sale under executory process was null and void. The minutes reflect that this exception was overruled.
At the conclusion of the trial, in oral argument defendant re-urged his exception, pointing out that “Dansy did represent the bank at the time the note was signed and the note showed he was a witness on the chattel mortgage ...” No mention was made of discrepancies between the provisions of the promissory note and the chattel mortgage.
In his oral reasons for judgment, obviously addressing what he considered to be the only defense posed by defendant, the trial judge observed that “plaintiff has sufficiently proven that disbursements were made totalling the amount of the note” and “there is sufficient consideration shown.” Consequently, judgment was rendered in favor of plaintiff as prayed for.
Louisiana appellate courts are authorized by La.C.C.P. Article 2164 to render any judgment “which is just, legal and proper upon the record.” However, our jurisprudence has qualified this codal provision with the general rule that a defense not raised and passed upon in the trial court may not be raised for the first time on appeal. Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973); X — L Finance Co. v. Fenske, 197 So.2d 182 (La.App. 1st Cir. 1967). Furthermore, Rule 9A of the Uniform Rules for the Courts of Appeal provides that we “ordinarily will review only issues which were submitted in the trial court . . . unless the interest of justice requires otherwise.”
This rule pretermitting appellate review of defenses presented for the first time on appeal has particular applicability to the defense posed by this defendant, involving alleged discrepancies between a promissory note and chattel mortgage.
The defendants in Baton Rouge Bank & Trust Co. v. Subco, Inc., 306 So.2d 312 (La. App. 4th Cir. 1974) sought to set aside a deficiency judgment, contending that a pri- or executory proceeding was null because the copy of a corporate resolution attached to the act of mortgage was in improper form. The case was remanded because of the appellate court’s determination that the trial court did not properly consider the nullity issue. The court of appeal pointed out, however, that the alleged discrepancy standing alone would not suffice to nullify the deficiency judgment. The stated purpose of the remand was to afford defendants an evidentiary hearing at which they would have an opportunity to prove that the discrepancy had a material effect upon the transaction because of their reliance upon the error.
The defendant in this case cites the following three alleged discrepancies between the promissory note and the chattel mortgage: (1) the note shows a principal amount of $17,903.16 while the chattel mortgage refers to a note for $17,902.16; (2) both the note and the chattel mortgage *696 provide for a late charge of 5% of the installment due or $5.00, whichever is less, but the note also gives the holder an option to charge more; and (3) the note stipulates interest at 8% after maturity while the chattel mortgage provides for an annual percentage rate of 14.1% for one year after maturity, with 8% thereafter.
Since this nullity issue was not raised in the trial court (unlike Baton Rouge Bank & Trust Co. v. Subco, Inc., supra) the trial judge did not have an opportunity to hear relevant evidence and pass upon the merits of the defense. Needless to say, because of defendant’s dereliction we are similarly handicapped. There is simply nothing in the record as constituted to show that the alleged discrepancies had a material effect upon the transaction in question because of defendant’s reliance upon them. Further, under the circumstances a remand is not justified, since this would in effect reward with a new trial one whose laches caused the result of which he complains.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.